GEORGE H. HAMLIN, Executor, in equity,

*vs.*

EDWARD W. MANSFIELD, and others.

Penobscot. Opinion June 17, 1895.

88　131
e99　502

*Will. Perpetuities. Debts. Partnership.*

It is the duty of an executor to pay the debts of the deceased and expenses of
administration promptly and within the statute period, even if to do so
defeats every devise and legacy.

The testator was a member of a copartnership, of which his son and another
person were members. By the second clause of his will, he provided for
the continuance of the partnership, with the use of his property therein
" so long as my said son or any of his children see fit or desire to carry on
the business, subject to any change as to the membership which my said

son or his children may see fit to make, so long as he or his children or any one of them remain members;" and by clause four of his codicil he provided that "said partnership shall have the right to retain and enjoy the benefit of all my portion of the assets of the firm which at my death constitute a part of their working capital." These provisions, if carried out, would make the executor a trustee of that portion of his estate which was part of the capital of the firm, and to so continue as long as his son, or any of his children then living or thereafter born, should desire. *Held ;* that this provision is clearly obnoxious to the rule against perpetuities and therefore void.

*Also,* that the firm having been dissolved by the death of the testator, and the provisions of the will for its further continuance being inoperative and void, it becomes the duty of the surviving partners to close up its affairs under the provisions of the statute. If they fail to do this, the like duty will devolve upon the executor.

*Also,* the bequest over, of the testator's portion of the firm property, became operative immediately from the probate of the will; and vests in the legatees therein named.

By another provision of the will all moneys made payable to the several legatees or devisees, were to be paid by the executor to the treasurer for the time being of the Bangor Theological Seminary as trustee. *Held ;* that the treasurer became a trustee with no duty or control over the fund, except to receive the money and immediately pay it over in the proper shares to each donee; it is harmless, if the executor pursue this course; and he will be justified in ignoring the trust, and paying directly to the beneficiaries the shares of each.

By another item of his will, the testator devised his machine and blacksmith shop, and the land on which they stood with the water rights, to three societies in differing proportions, subject to the occupancy by the copartnership, under its continuance, as contemplated by the testator. By his codicil he revoked the devise to the three societies, and devised the whole to one society absolutely. The provision for the continuance of the firm being void, *held ;* that the devise to the last named society is valid, and vests the fee in it, which it is competent for the society to convey.

By a residuary clause the testator gave all the remainder of his estate to a missionary society. *Held ;* that the testator intended to dispose of his entire estate, including his interest in the firm not required for the payment of debts, etc., and not otherwise bequeathed or devised; said interest is assignable by the society.

ON REPORT.

This was a bill in equity, heard on bill and answers, to obtain the construction of the will of Edward Mansfield, of Orono, Penobscot county.

The following course of procedure was adopted by the parties, and the case certified by agreement to the Chief Justice under the provisions of R. S., c. 77, § 43:

The complainants read the bill and the respondents read the different answers.

The case to be heard upon the facts stated in the bill of complaint, and all the answers.

The facts stated in both bill and answers to be regarded as true for the purposes of the decision of this case, the parties not understanding that there is any contradiction of facts so far as material.

The court to answer such questions as are put by either complainants or respondents, as it deems expedient and proper.

The respondents were Edward W. Mansfield, Israel Mansfield and Helen M. Mansfield, all of said Orono ; Guy P. Bailey and Grace Stetson, both of Bangor, in said county ; Edward M. Bailey of the city, county, and state of New York ; The Bangor Theological Seminary, of Bangor aforesaid ;  The Congregational Church of said Orono, and the American Home Missionary Society, of the city, county, and state of New York.

The material portions of the will and codicil are as follows :

" 1. To my adopted daughter Helen M. Mansfield, of Orono aforesaid, I give the sum of one thousand dollars.

" 2. I will that the partnership which now exists between myself and my son Edward W. Mansfield and another, in the transaction of business at said Orono, as the same shall exist at the time of my death, shall be continued and not dissolved, but be carried on at the same place, so long as my said son or any of his children see fit or desire to carry on the business, subject to any change, as to the membership, which my said son or his children may see fit to make, so long as he or his children or any one of them remain members ; and to that end that the partnership be authorized and have the right to use and occupy the machine shop and the blacksmith shop and their respective privileges and all the tools and machinery in use in the business of the firm to the full extent of my ownership thereof, the firm to pay for the use or rent of the real estate, thus occupied by it, the sum of two hundred dollars per annum, as hereinafter provided and also to pay all taxes on the real estate, as also on all the personal effects of the firm, also keep the whole well insured

and in good repair at their own expense, including the buildings as well as all the machinery and other property aforesaid, all such payments and expenses to be charged against the gross income of the firm's business. My estate to be regarded as a member of the copartnership and to receive its equal, pro rata share of the net income, the same as I now do, except that my estate is to receive nothing for personal services as I now do and such as the other members now do and will continue to receive.

" These provisions apply to any partnership or business which my said son or any of his children may be engaged or interested in, either solely or in copartnership among themselves or with others in connection with the shops and privileges aforesaid.

" At the end of each year there shall be an account made up of the business of the copartnership and the net income ascertained as nearly as possible and the amount thereof, so far as the interests of the firm admits, paid over to the respective members, the portion belonging to my estate to be divided as hereinafter provided.

" The firm aforesaid to have the right to use the patent rights which I own, as such firm, but no right to sell or use the same outside of their said business. Whenever there ceases to be any of my said son or of his children, solely or in partnership with others, to carry on said business as aforesaid, from any cause, then the portion of the firm's property belonging to my estate, as aforesaid, shall go one-fourth to said Edward, my son, or his heirs, according to the laws of descent, and the other three-quarters as hereinafter provided.

" 3. To the American College and Education Society of Massachusetts, and American Home Missionary Society of New York and the Congregational Union, I do give and devise my machine and blacksmith shops, with the land on which they stand and all the water rights and privileges connected therewith, including all the real estate which I own outside or easterly of the railroad track, not however including any machinery or fixtures which I own as copartner with others or which the copartnership owns. ' To have and to hold said premises one-half to said

American Home Missionary Society, and one-fourth each to said American College and Education Society and Congregational Union, and their respective successors and assigns, in common and undivided, subject however to the rights of my son and his children and copartnership to occupy the premises and carry on business thereon as herein provided in the previous item of this will : . . .

"4. . . [Revoked by codicil.] . . All monies which, by the different items of this will, including rents and partnership incomes, are made payable to the several donees or devisees aforesaid, I will, for convenience, shall be paid to and received by the treasurer for the time being of said seminary as trustee to be paid by him to the respective parties aforesaid entitled thereto.

"5. All the remainder of my estate real and personal, after the payment of all my debts and funeral charges, I do give and devise to said American Home Missionary Society of New York, and to its successors and assigns forever.

(Codicil.) . . .

"4. In addition to the rights and privileges devised in the second item of my original will aforesaid to the partnership therein mentioned, said partnership shall have the right to retain and enjoy the benefit of all my portion of the assets of the firm which at my death constitute a part of their working capital, the income or profits of the partnership as thereby constituted to be divided and appropriated as already provided in my original will and this codicil except as herein otherwise disposed of, this provision not to include the two power presses belonging wholly to me.

"5. . . .

"6. I will that George H. Hamlin, of Orono, be the executor of my will instead of my son Edward W. Mansfield as provided in my original will, free from all obligation to give any bond as such. And it is hereby made the duty of my executor to see that the provisions made in the will and codicil respecting the copartnership business are strictly enforced and carried into effect he having full authority to make any agreement or

other arrangement about the partnership business and effects which he may think best, including the sale or other disposition of the presses now belonging to me, he to have all power the same as I now have as owner of the property wholly, or partially as member of the firm." . . .

Questions by complainant:

"1. Whether your complainant as executor can permit the property of the testator to remain in the business of the copartnership of which the testator was a member, as set forth in Item 2 of said will as amended by Items 4 and 5 of the codicil, and if so, within what limitations as to time said property can be so continued?

"2. Is it obligatory upon the executor of said will to continue said property in said copartnership as set forth in said Item 2 and amendments, and if so, from what source shall he procure money to pay the debts of the testator, the charges of administration and the specific cash legacy provided for by Item 1 of said will?

"3. Whether your complainant as executor, in accordance with Item 4 of said will is required to pay all monies made payable to the several donees or devisees, to the treasurer for the time being of the Bangor Theological Seminary as trustee?

"4. Whether your complainant, as executor, not expressly appointed a trustee, becomes such from the provision of the will?"

Questions by respondents, Edward W. Mansfield and Guy P. Bailey:

"1st. Whether or not the devise by said testator to the American Home Missionary Society, its successors and assigns, of said testator's 'machine and blacksmith shops with the land on which they stand and all the water rights and privileges connected therewith' was valid?

"2d. Whether or not said society under the terms of said will acquired such a title to said real estate that it could by deed give its grantees a good and valid title thereto?

"3d. Whether or not said society as legatee, either specific or residuary, under said will took any interest in and title to

the personal estate, individual and partnership? If so, is said interest assignable?

"4th. Whether or not the bequests to Helen M. Mansfield, Edward W. Mansfield, The Bangor Theological Seminary, the Congregational Church of Orono and to the children of Angie M. Bailey, of the testator's share in the property and assets of the firm of E. Mansfield & Co., were valid bequests? and whether or not said legatees, or any of them, could make legal transfers of said interests in said property?

"5th. Whether or not said Edward W. Mansfield and Israel W. Mansfield as surviving partners of the late firm of E. Mansfield & Co., have a right to give the bond, and to close up the affairs of said partnership, as provided in R. S., c. 69?

*Charles J. Dunn,* for George H. Hamlin, executor.

*Jasper Hutchins and Frank A. Floyd,* for Edward W. Mansfield, Israel W. Mansfield, Guy P. Bailey, Grace Stetson and Edward M. Bailey.

*Franklin A. Wilson,* for Helen M. Mansfield, the Bangor Theological Seminary and the American Home Missionary Society.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

STROUT, J.    Bill in equity for construction of the will of Edward Mansfield.

It is the duty of the executor to pay the debts of the deceased and expenses of administration promptly and within the statute period, even if to do so defeats every devise and legacy.    He should first apply to this purpose that portion of the personal estate not specifically bequeathed; and if that proves insufficient, then so much of the real estate, not specifically devised, as may be needed to accomplish the object.

The testator was a member of a copartnership, of which his son and another person were members.    By the second clause of his will, he provided for the continuance of that partnership, with the use of his property therein, "so long as my said son or

any of his children see fit or desire to carry on the business, subject to any change as to the membership which my said son or his children may see fit to make, so long as he or his children or any one of them remain members ;" and by clause four of the codicil he provides that "said partnership shall have the right to retain and enjoy the benefit of all my portion of the assets of the firm which at my death constitute a part of their working capital." These provisions, if carried out, would make the executor a trustee of that portion of his estate which was part of the capital of the firm, and to so continue as long as his son or any of his children then living or thereafter born, should desire. This provision is clearly obnoxious to the rule against perpetuities, and is void. *Slade* v. *Patten*, 68 Maine, 382 ; Perry on Trusts, §§ 381, 382, 383 ; *Kimball* v. *Crocker*, 53 Maine, 263. The executor, therefore, is not authorized by law to continue the partnership, but its affairs should be closed, and the testator's interest withdrawn, to be disposed of under the valid provisions of the will.

The bequest over, of the testator's portion of the firm property, became operative immediately upon probate of the will, and is vested one-fourth in his son Edward, and three-fourths in the American Home Missionary Society, as provided in the codicil. The answer to the first, second and fourth questions in the bill, is contained in the foregoing.

To the third question, whether the executor, under Item 4 of the will, is required to pay all moneys made payable to the several donees, to the treasurer of the Bangor Theological Seminary as trustees, we answer that the leading idea in that clause referred to the disposition of the profits arising from the continuance of the partnership business, and the testator appeared to regard the payment to the treasurer of the seminary as a matter of convenience. He made the treasurer a trustee, with no duty or control over the fund, except to receive the money and immediately pay it over in the proper shares to each donee. It is harmless, if the executor pursue this course ; and he will be justified in ignoring the trust, and paying directly to the beneficiaries the share of each.

By the third item of the will, the testator devised his machine and blacksmith shop, and the land on which they stand, with the water rights, to three societies in differing proportions, subject to the occupancy by the copartnership, under its continuance, as contemplated by the testator. By his codicil he revoked the devise to the three societies, and devised the whole to the American Home Missionary Society absolutely. The provision for the continuance of the firm being void, it is the opinion of the Court that the devise to the Home Missionary Society is valid, and vests the fee in it, which it is competent for the society to convey.

The residuary clause in the will gives all the remainder of the testator's estate to the American Home Missionary Society. As the testator manifestly intended to dispose of his entire estate, it follows, that under this clause the society takes all real and personal estate, including testator's interest in the firm, not required for the payment of debts and expenses of administration, and not otherwise bequeathed or devised. No reason is perceived why such interest is not assignable by the society.

The bequest of the income from partnership business, in article four of the will, fails and is inoperative, because the firm business cannot be continued.

The firm having been dissolved by the death of the testator, and the provisions of the will for its further continuance being inoperative and void, it becomes the duty of the surviving partners to close up its affairs under the provisions of the statute. If they fail to do this, the like duty will devolve upon the executor.

*Bill sustained. Decree in accordance with this opinion.*