HARRY J. GIVEN, ADM'R C.T.A. *vs.* MARION G. CURTIS ET ALII.

Cumberland.       Opinion, April 25, 1935.

*Joseph A. Aldred,* for plaintiff.
*J. H. Rousseau,* for Marion G. Curtis.
*Ellis L. Aldrich* and *Sherwood Aldrich,* for Sophia B. Gatchell and Frances Jeffrey.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J. This bill in equity is brought by the administrator with the will annexed, for construction of the last will of James D. Curtis, who died February 15, 1934.

The widow of the testator, on electing to take her statutory share in the property her husband left, duly filed a waiver of the provision his will made in her behalf, namely: "that portion of my estate, which the Laws of the State of Maine provides, and no more." R. S., Chap. 89, Sec. 13.

To the question, what interest passes under said will to the widow, answer is, that in consequence of formal rejection of what the instrument would have given her, she is no longer either devisee or donee. *Ladd* v. *Baptist Church*, 124 Me., 386, 130 A., 177.

She now takes in higher title, by virtue of the statutes of descents and distributions. R. S., supra, (Secs. 1, 20). One-third of the real estate of which her husband died seized and possessed, or to which he was entitled, descends to her, in fee, free from liability to sale, on special license, to pay debts and charges of administration. R. S., supra, (Sec. 1, Cl. 1).

Whether the widow takes the remaining two-thirds of the realty, subservient to obligations and debits, is, on this record, without relation to execution of plaintiff's trust. The widow herself could, in an appropriate action, raise the issue.

Personal estate, except that assigned by law, or granted by allowance, to a widow, (R. S., Chap. 78, Secs. 14, 17,) must be expended, first, in paying liabilities and administrative expenses. R. S., Chap. 88, Sec. 7; *Hamlin* v. *Mansfield*, 88 Me., 131, 33 A., 788.

An executor—or, as here, where the executor whom the will named could not or would not act, an administrator—must pay such demands and charges promptly and within the statute period, though to do so defeats every dispositive clause in the will. If personalty proves insufficient, so much of the real estate as may be necessary should be so applied. *Hamlin* v. *Mansfield*, supra.

Testator had been legally adopted in childhood, by a husband and wife jointly; from the former of them, he acquired real property, owned by him at his death. The bill alleges, in such connection, that testator was survived by collateral heirs of his adoptive parents, but, so far as known, by no relatives of his own blood; it prays instruction if, within legislative meaning, he was outlived

by "kindred." The inquiry might, as to personal property, properly arise, not in a proceeding for interpretation of the will, but on petition to the probate court for distribution.

The bequest to Mrs. B. K. Jeffrey is not payable until twenty months from final allowance of the will (R. S., Chap. 78, Sec. 26) ; then, only so far as possible.

Any residuum of the estate is left to Mrs. S. B. Gatchell.

*Bill sustained.*
*Decree accordingly.*