GEORGE M. HAINES, pro ami, *vs.* FRANK W. BROWN.

Penobscot.   Opinion December 30, 1915.

*Fee Simple.     Life Estate.     Tenant for Life.     Will.     Writ of Entry.*

Writ of entry for recovery for the recovery of a parcel of land in Etna. The demandant declares upon an estate in fee simple, and defendant, pleading the general issue, alleges by way of brief statement that he is not the owner of the land in fee simple, but is rightfully in possession as tenant for life.

*Held:*

1. The effect, as employed in a deed, of the words, "this deed to take effect at the decease of the grantor and not before," is to reserve a life estate in the grantor.

2. Where by devise of real estate for life, provision is made for sale of such real estate if absolutely necessary for the maintenance and support of the devisee, it is incumbent on those claiming under such devise to show that the power has been well executed and that the contingency has happened.

On report. Judgment may be entered for demandant for an estate, in the premises demanded, for the lifetime of Rosannah Brown.

This is a real action brought by George M. Haines, an infant under the age of twenty-one years, who sued this action by next friend, against Frank W. Brown, of Etna, Maine, to recover a parcel of land situate in said Etna and described in the writ. Plea, the general issue and brief statement. At the conclusion of the evidence, it was agreed by the parties to report the case to the Law Court for final determination, upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*W. H. Mitchell, and B. W. Blanchard,* for plaintiff.

*George E. Thompson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J. This is a writ of entry brought by the infant plaintiff, by next friend, for the recovery of a parcel of land in Etna. The demandant declares upon an estate in fee simple and defendant, pleading the general issue, by way of brief statement alleges that he is not the owner of the land in fee simple, but is rightfully in possession as tenant for life.

It appears that the land, possession of which is sought, was until his decease, the property of one Reuben Brown. By his will, after a nominal pecuniary legacy to each of five sons and two daughters, he gave and devised the rest and residue of his estate to his wife Rosannah Brown to her sole use as long as she should remain his widow or until her decease with the privilege of selling any part thereof, if absolutely necessary, for her support and maintenance, "but under no other consideration," with remainder, not used for her support, to his two sons, Alvin C. and Noyes Brown.

The testator died in the year 1894. His widow, Rosannah, continued to live upon the demanded premises, while defendant, who had married, lived a mile or more distant. The evidence tends to prove, and it is not contradicted, that late in the year 1897 or in early January of the following year Rosannah Brown went to the home of defendant and expressed a desire to live in his family. On the seventeenth of January, 1898, Alvah (Alvin) C. Brown, son of Reuben Brown conveyed his interest in the premises to his brother

Noyes Brown who, two days later conveyed all his interest to Nora Brown, the wife of defendant. The uncontradicted evidence also tends to prove that about this time defendant and his family removed to the home of his mother upon the lot in question and by warranty deed dated February 10, 1898, Rosannah Brown, in consideration of maintenance, care, etc., to be furnished her by the grantee, conveyed the lot of land to Nora Brown. In this deed, immediately after the description of the lot occurs the following: "Meaning by this to convey all my right, title and interest to the homestead farm of the late Reuben Brown. The support of the said Rosannah Brown to be in the family of the said Nora Brown and this deed to take effect at the decease of said Rosannah Brown and not before and not to be transferred without Rosannah Brown joining in this deed." Nora Brown died in December, 1906, and until her death Rosannah Brown was confessedly satisfied with the support and maintenance afforded her. About three weeks before her death Nora Brown conveyed the premises by deed of quitclaim to her husband, the defendant during his life, and the remainder to her four children. This deed provided that defendant "carry out all the conditions and considerations mentioned in said Rosannah Brown's deed to the said Nora Brown." Apparently his mother was provided with proper sustenance and care by defendant at least until December, 1910, when the woman, whom defendant married in April, 1911, came into the family to act as housekeeper. In April or May, 1911, the mother without demand for better sustenance and care and without stating to defendant, so far as the case discloses her reason therefor, left the premises and repaired to the house of her son Alvah where she has since resided. By warranty deed of April 26, 1912, in consideration of her support and maintenance, etc., she conveys to her son Alvah the lot demanded and covenants that the premises are free of "encumbrances; except a conditional deed to Nora Brown, the conditions of which have long since been broken." The grantee Alvah C. Brown by deed of warraty dated May 20, 1912, conveys the premises to the plaintiff.

What was conveyed to Nora Brown by the deed of Rosannah Brown of February 10, 1898? The grant is of the lot in fee simple. The caveat clause following the description, "meaning by this to

convey all my right, title and interest to the homestead farm of the late Reuben Brown," neither enlarges nor diminishes the grant. If it has any effect, it is to declare the intention of the grantor to convey not only of her life estate, which was absolute in her, but also the remainder which she might convey upon the happening of a contingency. The effect, however, of the words "this deed to take effect at the decease of said Rosannah Brown and not before" was to reserve a life estate in the grantor, Rosannah Brown, and, assuming the contingency provided for in the will of the deceased husband to have arisen, to convey a vested remainder to the grantee. *Watson* v. *Cressey,* 79 Maine, 381, 382; *Achorn* v. *Jackson,* 86 Maine, 215, 218. Immediately following the words last quoted from the deed occur the following: "and not to be transferred without Rosannah Brown joining in this deed." The expression is doubtless intended to mean "not to be transferred without Rosannah Brown joining in the conveyance." If these words refer to the life estate reserved, as we have seen, to Rosannah Brown, they are of no effect as no deed save hers could convey it. If these words refer to the remainder conveyed, we need not determine whether they are repugnant to the grant or a restraint upon alienation, if it be found that the deed of Rosannah Brown to Nora Brown did not effect a conveyance of the remainder to the latter.

The power to sell given Rosannah by the will was contingent upon such sale being absolutely necessary for her maintenance and support. It is incumbent on those claiming under her to show that the power was well executed and that the contingency has happened. No declaration nor recital to that effect is sufficient. There must be competent evidence. *Stevens* v. *Winship,* 1 Pick., 318, 319, 327; *Warren* v. *Webb,* 68 Maine, 133, 136. See also *Jones* v. *Bacon,* Id., 34; *Larned* v. *Bridges,* 17 Pick., 339, 342.

There is in this case no evidence whatsoever that the contingency provided for by the will had happened, either at the time of the widow's conveyance to Nora Brown or to Alvah Brown. In neither case, therefore, can we find conveyance of the remainder. But the title of the remaindermen, the sons of the testator, was in Nora Brown at the time of her conveyance to defendant. The demandant, consequently, has derived under his deed no title to the remainder.

His deed however, is effectual to convey to him an estate for the life of Rosannah Brown and he is entitled to judgment for an estate in the premises for her life. *Pillsburry* v. *Brown,* 82 Maine, 450, 456.

Judgment may be entered for demandant for an estate, in the premises demanded, for the lifetime of Rosannah Brown.

*So ordered.*