JOSEPH HUARD et als. *vs.* STEPHEN J. HEGARTY et als.

Kennebec.    Opinion February 8, 1923.

*A, a partner with B, devised and bequeathed to B all his interest in the partnership*
*property, provided B should pay to the wife of A seven thousand dollars.    The*
*wife of A died before the testator, neither leaving descendants.    Such cir-*
*cumstances created neither a condition precedent, nor subsequent,*
*nor a charge upon the devise, but did create a devise with a*
*payment of said sum as an exception therefrom.*

Under the circumstances presented by this case the clause of the will in
question did not create either a condition precedent or subsequent, or a
charge upon the devise, but a devise with the payment to the wife as an
exception therefrom.

The lapsing of the legacy by the death of the wife does not enure to the benefit of
the devisee for the reason that he never had the complete gift of the whole estate.

The devisee must pay the stipulated sum to the party or parties entitled to receive
it, which in this case are the heirs of the testator.

The land on which the stable mentioned in the devise to Pomerleau stands, passes
with the devise, it being apparent that the testator intended to give to his
partner all his interest in the partnership property; and as the will speaks from
the death of the testator, any increased value in the partnership property,
whether by the addition of buildings or ordinary appreciation, must be also
held to pass to the devisee named.

On report.    A bill in equity seeking the construction and interpre-
tation of the will of Richard Huard, executed August 24, 1910, under
the "First" clause of which he bequeathed and devised to Joseph
Pomerleau, his partner in a grocery business, all of his interest in the
partnership business, provided he paid to his wife seven thousand
dollars, one thousand dollars at his decease, and one thousand dollars
annually thereafter for six years.    The wife of the testator died
before he did.

The question at issue was as to whether under the circumstances
of the situation there was created a condition precedent, or subse-
quent, or a charge upon the property devised and bequeathed to
Pomerleau, as to the payment of the seven thousand dollars to the

wife of the testator, or whether the payment of the sum to the wife was in effect intended as an exception from the devise; and as to whether such legacy having lapsed by the death of the wife of testator before his death descends to the heirs of testator. The cause was heard upon the bill, answer, replication, and proof, and reported to the Law Court for final judgment based upon the rights of the parties in law and fact. Decree in accordance with opinion. Reasonable counsel fees to be fixed by the court below may be allowed out of the estate.

The case is fully stated in the opinion.

*Benedict F. Maher,* for plaintiffs.

*Beane & Beane,* for Joseph Pomerleau and Stephen J. Hegarty.

*H. E. Holmes,* for Patrick F. Tremblay.                    •

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. Upon a report, a construction of the last will and testament of one Richard Huard is sought, which, after providing for the payment of his debts and funeral charges and expenses of administration, disposed of his estate as follows:

"First, I give, bequeath and devise to Joseph Pomerleau, his heirs and assigns, my undivided half interest in the stock of goods in stores Nos. 35 Water Street and 11 Franklin Street in said Augusta, my undivided half interest in all book accounts in stores, and my interest in cash in the bank in the firm's name, notes and all bills receivable, also teams, horses and outfit, utensils and fixtures now owned by Pomerleau & Huard." Then followed a description of certain parcels of real estate owned in common by the testator and his partner, the said Pomerleau, one item of which, a stable, was erroneously, and inadvertently no doubt, described as located on land belonging to the testator, when as a matter of fact the land on which it stood was partnership property and owned in common. Following the description of the property so bequeathed and devised and as a part of the same paragraph it is further provided: "Said property to go to said Joseph Pomerleau upon his paying the sum of seven thousand (7000) dollars to my beloved wife, Mithaidi Huard; said payments to be made by the said Pomerleau $1000.00 at my decease; and $1000.00 each year without interest and not otherwise."

"Second, I give, bequeath and devise to my beloved wife Mithaidi Huard all the remainder of my property, real, personal and mixed wherever found or however situated to her, her heirs and assigns forever."

The will was executed in 1910. The active business partnership between said Pomerleau and the testator was dissolved in 1918. Mithaidi Huard, the wife, predeceased the testator in 1920, and the testator died in 1921, the result of an accident.

Conditions since the drafting of the will have materially changed. A building has been erected out of partnership funds on one lot of land, greatly adding to its value. The stock, fixtures and teams formerly used in conducting the partnership business have been sold and the proceeds divided between the partners; and the various parcels of real estate belonging to the partnership have appreciated in value so that the testator's share of the real estate with the added improvements is now appraised at approximately thirteen thousand dollars, and constitutes nearly one half of the testator's estate.

Under any construction the court adopts it might be urged that some injustice will result, but the court cannot draft wills anew to fit changed conditions. That can only be done by the testator.

The provision of the will which this court is asked to construe provides that the testator's undivided one half part of all the partnership property shall go to his former copartner, Joseph Pomerleau, "upon his paying the sum of seven thousand dollars to my beloved wife, Mithaidi Huard," etc.

The main question submitted to the court is, whether this clause creates a condition precedent, or a condition subsequent; a devise of the property in question charged with a legacy to the wife, or whether the payment of the sum to the wife was in effect intended as an exception from the devise.

With nothing in the case to indicate any other than confidential business relations between him and his copartner, the testator gives to his partner, Pomerleau, his entire one half interest in the partnership assets upon condition that Pomerleau pay the sum of seven thousand dollars to the testator's wife, to whom the testator also gives all the residue of his estate with no provisions over in case she did not survive him, there being no children.

The inference is strong, we think, from the facts shown in the case that this provision as to the disposition of the partnership property was the result of a prearrangement between the partners for the

settlement of the partnership affairs in case of death, and that seven thousand dollars was the value placed upon the testator's share in the partnership assets at that time.

The facts in the light of the surrounding circumstances do not, we think, warrant the conclusion that it was the intent of the testator that the estate devised to the copartner should not vest until and unless the condition of the payment of the sum stipulated was fully complied with. On the contrary it seems clear that it was intended that he should take and enjoy the property pending the payments to the wife which were to extend over a period of years. Such a provision, if creating a condition, is generally held to be indicative of a condition subsequent. *Leighton* v. *Leighton,* 58 Maine, 63, 69; *Stark* v. *Smiley,* 25 Maine, 201; *Morse* v. *Hayden,* 82 Maine, 227.

But we do not think it should be construed as a devise upon a condition, either precedent or subsequent, or as a devise charged with a legacy to the wife; but rather as a devise with the payment to the wife as an exception therefrom.

As between a condition subsequent and a charge upon the devise to Pomerleau, the payments to the wife should undoubtedly be construed as a charge upon the devise. *Whitehouse* v. *Cargill,* 86 Maine, 60; *Merrill* v. *Bickford,* 65 Maine, 118; but as between a charge upon the land and an exception from the devise to Pomerleau the latter is far more consonant with what the circumstances and relations of the parties and the other provisions of the will indicate must have been the intent of the testator, which is always the guiding star in the construction of wills.

That there is a distinction recognized by the authorities between legacies which are a charge upon a devise and legacies which are exceptions from the devise does not admit of question. Jarman on Wills, *347; 40 Cyc., 1956; 18 Am. & Eng. Enc. of Law, 2d Ed., 766, 767; *Hillis* v. *Hillis,* 16 Hun., 76; Re Smith's Est., 11 N. Y., Suppl., 783; *Ward* v. *Stannard,* 81 N. Y. Suppl., 906; *Macknet's Exrs.* v. *Macknet,* 24 N. J. Eq., 277; 291; Re Cooper Trusts, 4 Deg. M. & G. Rep., 756, 766; *Cook* v. *The Stationer's Co.,* 3 Myl. & K., 262.

The distinction, however, is not always easy to draw, and the authorities give but little aid in this respect. Nor are the cases numerous or recent where the question has been raised and considered. There is no special form or language by which an exception is created as distinguished from a charge. It is wholly a question of intent.

In one case the court gave as the true test: "Did the testator mean to give that property minus the thing in question, or is it a charge upon the devised property?"

In another: "It was not his plan to except out a certain part of the value from the devise to the residuary legatee. That is, the intention of the testator was not directed to the diminution of the residuum by taking a certain value from it, but it was directed to the making of the legacy secure for the wife." In which case it was held to constitute a charge upon the residuum instead of an exception from it.

All of which, however, furnishes little light except to emphasize the point that it is entirely a question of intent to be drawn from the circumstances and the relations of the parties and the four corners of the will itself.

The case at bar does not present a situation where there are no other funds out of which provision can be made for the legatee, and it is made a charge upon a devise to ensure its payment; or where the devisee is one whose relation to the testator is such as to furnish grounds for a presumption that if the legacy lapsed it must have been the intent of the testator that the devisee was to take the devise free of the charge. On the other hand it seems clear that the sum fixed to be paid was in the nature of a consideration for the devise, which sum the testator directed should be paid to his wife who, of his family, was the sole beneficiary under the will.

Were not this sum directed to be paid in instalments over a period of years we think it might well be construed under the circumstances presented by this case as a condition precedent. *Acherly* v. *Vernon*, Willes Rep., 153, 157-158; but inasmuch as the testator by providing for the · payment of the stipulated sum over a period of years apparently intended the property to immediately pass to the devisee, since he made no other provision pending the payments, the only way, in which what we conceive to have been the intent of the testator can be carried out, is to treat the payment to the wife in effect as an exception from the devise to his partner.

If it were construed as a charge upon the devise, upon the legacy lapsing by the death of the wife before the testator, the charge would unquestionably sink into the devise and the devisee take it free of the charge. But, construed as an exception, the lapsing of the legacy

will not inure to the benefit of the devisee for the reason that he never had the complete gift of the whole estate. *Ward* v. *Stannard*, 81 N. Y., Supp., 906, 909.

There are not sufficient grounds in the case at bar to warrant the inference that the testator intended an absolute gift of all his partnership assets to his business partner in case his wife did not survive him. On the contrary we think it reasonably certain that he must have intended that out of the devise and in consideration thereof there should be paid to the beneficiary named, or in the event she did not survive him, to his heirs, the sum of seven thousand dollars.

The devisee must, therefore, pay the stipulated sum to party or parties entitled to receive it. If it passes by will, to the executors or administrators c. t. a., otherwise to the heirs as intestate property. In re *Smith Est.*, 11 N. Y., Suppl., 783, 784.

Inasmuch as in the case at bar the heirs are numerous and all the residue of the estate must also be distributed as intestate property, owing to the death of the residuary legatee before vesting, the sum named to be paid may for convenience be paid to the administrators c. t. a. to be distributed with the residue of the estate among the heirs.

With reference to the stable and the land upon which it stands, it appearing that it was the intent of the testator to give to his copartner his entire share of the partnership assets upon the conditions set forth above and that the land on which the stable stood was in fact a part of the partnership property and held by them in common, we think his interest in both the building and land passed to the devisee.

As to any increase in the value of the real estate either by improvements or appreciation it must be held to pass under the devise. *Hoitt* v. *Hoitt*, 63 N. H., 475; *Warner* v. *Beach*, 4 Gray, 162; *Havens* v. *Havens*, 1 Sand. ch. (N. Y.), 324. A will always speaks from the death of the testator. *Union, etc., Co.* v. *Dudley*, 104 Maine, 297.

> *Decree in accordance with the opinion. Reasonable counsel fees, to be fixed by the court below, may be allowed out of the estate.*