MACHIAS HOTEL COMPANY *versus* JOHN H. FISHER.

Proof that the tenant has been duly convicted of being a common seller of intoxicating liquor within the time covered by his lease, and has paid the fine and costs of the prosecution, is not enough to bring the case within § 3, c. 54, of the Public Laws of 1858; but to avoid the lease it must also appear that the offence was committed on the premises.

Machias Hotel Co. *v.* Fisher.

In a case presented upon a statement of facts, without any stipulation that the decision should be influenced by the pleadings, the defendant is entitled to judgment when the facts will verify any plea which is a bar to the action.

By R. S., c. 46, § 7, "when a corporation fails to hold its annual meeting on the day appointed, the officers of the preceding year continue in the exercise of their duties, and their acts are legal until other officers are duly chosen and qualified in their stead."

ON FACTS AGREED.

WRIT OF ENTRY to recover possession of land owned by the plaintiffs. In Nov., 1860, the plaintiffs permitted the defendant and one Longfellow to place a store or shop upon the demanded premises, at a yearly ground rent of twenty dollars, which rent was paid. On Dec. 30, 1865, the defendant took a lease of the land from the president and treasurer of the company, approved by one of the directors, for five years ending Dec. 31, 1870. The officers thus executing the lease, were elected in 1859. And the lease was in accordance with the by-laws of the company.

The Court were to enter judgment by nonsuit or default, as the rights of the parties require.

The remaining facts appear in the opinion.

*J. Granger & Smith,* for the plaintiffs.

*George Walker,* for the defendant.

APPLETON, C. J. — The demandants, owners of the premises demanded, on Dec. 30, 1865, leased the same to the tenant, — the lease to "expire on 31st day of Dec., 1870." The tenant has always remained in the occupation of the premises leased, and been ready to pay the ground rent agreed upon.

It is agreed that the tenant, at the October term, 1866, of this Court, was indicted as a common seller of intoxicating liquors; to which he pleaded *nolo contendere,* and was sentenced to pay the fine prescribed by the statute, and costs, which he paid.

It does not appear that the offence was committed upon

the premises leased. The case is not therefore within the statute of 1858, c. 54, § 3, by which a lease is made void, when the lessee uses the premises leased " for the illegal sale or keeping of intoxicating liquors."

The tenant seasonably filed, among other specifications, " that he holds a lease of the demanded premises from the plaintiffs, and did at the date of the plaintiffs' writ, and said lease is still valid, in force and unexpired."

The tenant likewise pleaded the general issue. By the common law, the tenant by the plea of *nul disseizin* admits that he is in possession, claiming a freehold. The plaintiffs insist that, inasmuch as the tenant has not filed a brief statement setting forth his lease, that he cannot introduce evidence of that fact under the general issue. *Williams* v. *Noiseux,* 43 N. H., 388.

But this case comes before us upon an agreed statement of facts, signed by counsel, and without any stipulation that the decision shall be influenced by the pleadings. In such case, the defendant is to have judgment if the facts would verify any plea which would be a bar to the action. *Gardiner* v. *Nutting,* 5 Greenl., 140; *Moore* v. *Philbrick,* 32 Maine, 102.

The lease to the tenant was offered in evidence without objection. It is signed by officers duly elected, who hold over, " until other officers are duly chosen and qualified in their stead." R. S., 1857, c. 46, § 7. The demandants having leased the premises for years, and the lease being in full force, this action cannot be maintained.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.