SARAH WOODBURY and others, in equity,

*vs.*

ORIN WOODBURY, and another.

Franklin.     Opinion February 16, 1883.

*Will.*

A later clause in a will controls a preceding clause.

ON BILL IN EQUITY.

Heard on bill, answer and proof.
The opinion states the case.

*H. Belcher*, for the plaintiffs.

*J. C. Holman*, for the defendants.

APPLETON, C. J.    This is a bill in equity to obtain the true construction of the will of Ruth Woodbury.

The will is as follows : " First, I give and bequeath to my daughter, Sarah Woodbury, one-third part of all my household furniture, beds and bedding, table covers, towels, and everything appertaining to cooking, such as crockery dishes, etc. also one-third part of my wearing apparel or of the proceeds thereof."

II. " I give and bequeath to my daughter, Polly Gould, an equal third part of all the articles specified above, a third of which is bequeathed to my daughter Sarah, or of the proceeds thereof."

III. " I also give and bequeath to Anne D. Farmer, an equal third part of all the articles specified in item first; meaning hereby to give and bequeath to each of my daughters an equal third part of all my personal *effects not otherwise disposed of*, or of the proceeds thereof."

IV. " I give and bequeath and devise to my son, Orin Woodbury, his heirs and assigns, all my real estate and all my personal property *not otherwise herein disposed of*."

V. "I authorize my executor herein named to distribute to my daughters above named, their distributive share in *kind* of the personal estate bequeathed them at the appraised value, provided they can agree on the division, otherwise I authorize him to convert the same into money, and to give to each of my three daughters, instead of the articles themselves, one-third part of the money derived from the sales."

The testator left other personal property beside that specified in the first three items in the will, and the question presented is whether her three daughters, the complainants, are entitled to their distributive share of the same.

We think they are not. Certain specific personal property is given to the complainants — a third each — "and an equal third part of all my personal effects not otherwise disposed of; or of the proceeds of the same." In the next item the testatrix disposes of the same. She intended to give her son personal estate — what she had not disposed of. A later clause in a will controls a preceding one. On the construction claimed by the bill, the bequest of personal property to the son becomes unmeaning and without effect. The son gets no personal estate.

This view is made more certain by the fifth item, which provides for a distribution *in kind* of the personal estate bequeathed to the complainants. The term " in kind" refers to the bequest in the first three items, and to nothing else. In case of a disagreement as to the division, the proceeds in money of those bequests is to be divided among, "instead of the articles themselves." No other property is to be divided either in kind or of the proceeds, but the " articles themselves," and this expression can only refer to the articles mentioned in the bequest to the complainants. Nothing else was to be divided between them because there was nothing else to divide.

According to the true construction of the will of Ruth Woodbury it is declared : that Orin Woodbury is entitled to all the personal property except property specifically described in the first three items of the will.

.                                        *Bill dismissed.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.