INA M. SMITH, et als. *vs.* LEON V. WALKER, et als.

Lincoln.    Opinion February 26, 1920.

*Wills.    Life estate with qualified power of disposal.    General rule to be applied in
the construction of will.    R. S., Chap. 79, Sec. 16, interpreted.*

A testator made the following provisions in his will; "Third:  To my beloved wife,
E. M. A., I give, bequeath and devise all the rest, residue and remainder of my
estate both the real, personal and mixed, wherever situated and whenever and
however acquired that I may own at the time of my death.   Giving my wife
the full power to sell, convey and dispose of any or all of said estate during her
lifetime that she may choose to, and to use in any manner she chooses the whole
of said estate and the proceeds realized from the sale of same for her support
and maintenance or the support and maintenance of any person or number of
persons that she may select.   Meaning and intending to give my wife the full
power to dispose and consume of all my property, if she so chooses, same as I
could do if living and without any interference or suggesting from any heirs or
legatees.

Fourth:  If, after the decease of my wife, there is any part of my estate left, after
my wife has exercised the power heretofore stated, then I give bequeath and
devise to my nieces all the rest, residue and remainder of my estate to my
nieces in the following manner, viz."

Upon bill in equity praying construction of these two paragraphs.

*Held:*

1.   That the wife took a life estate in the real and personal property, with quali-
fied power of disposal by deed or gift in her lifetime, with remainder over, of
such property as she did not thus dispose of, to the nieces mentioned in the
residuary clause.

2.   That such was the actual intention of the testator and that such intention
was judicially expressed.

Bill in equity asking for the construction of the will of Charles F.
Achorn.   Cause was heard upon bill and answer, and by agreement of
parties reported to Law Court.   Judgment in accordance with
opinion.

Case stated in opinion.

*A. S. Littlefield, and H. R. Smith,* for complainants.

*Charles D. Booth, and Leon V. Walker,* for defendants.

Sitting: Cornish, C. J., Hanson, Philbrook, Dunn, Morrill, Deasy, JJ.

Philbrook, J. Bill in equity on report praying for the interpretation and construction of certain portions of the will of Charles F. Achorn.

After making provisions for the purchase of a burial lot, perpetual care of the same, erection of a suitable monument thereon, and small specific bequests to seven nieces, the testator thus declares:

"Third: To my beloved wife, Etta M. Achorn, I give, bequeath and devise all the rest, residue and remainder of my estate both the real, personal and mixed, wherever situated and whenever and however acquired that I may own at the time of my death. Giving my wife the full power to sell, convey and dispose of any or all of said estate during her lifetime that she may choose to, and to use in any manner she chooses the whole of said estate and the proceeds realized from the sale of same for her support and maintenance or the support and maintenance of any person or number of persons that she may select. Meaning and intending to give my wife the full power to dispose and consume of all my property, if she so chooses, same as I could do if living and without any interference or suggestions from any heirs or legatees.

Fourth: If, after the decease of my wife, there is any part of my estate left, after my wife has exercised the power heretofore stated, then I give bequeath and devise to my nieces all the rest, residue and remainder of said estate to my nieces in the following manner, viz."

The proportionate shares to the nieces here follow but they do not affect the controversy. The testator died in June, 1918, and on the following January his widow died leaving a will which was executed only a few days after the probate of her husband's will. The twenty-fifth paragraph of her will reads thus:

"It is my purpose by this will to dispose of both my separate estate and all the estate that came to me by the will of my late husband. Charles F. Achorn, or of which I have the power of disposal by his said will, and to that end I do by this will exercise all rights of disposal over the estate which belonged to my said husband, which rights of disposal were given to me by his said will."

The plaintiffs claim that the widow, by the will of her husband, took a life estate with qualified power of disposal by deed or gift in

her lifetime, with remainder over, of such property as she did not thus dispose of, to the nieces mentioned in the residuary clause of the fourth paragraph of the husband's will. The defendants claim that under the third paragraph of the husband's will she took title in fee to the residue of his real estate and an absolute title in the residue of his personal property, and that the gift over, of what should remain undisposed of by her, to the nieces mentioned in the residuary clause of the fourth paragraph of his will, is repugnant and void; also that even if it be held that the widow did not acquire title in fee to his real estate and an absolute interest in the personal property, yet under his will she did have a power to dispose of his estate by will, and that in fact, under this power, she has fully done so and no residuum remains for the nieces mentioned in the husband's will.

The case therefore presents the oft-recurring task of first ascertaining the actual intention of the testator, a question of fact, to be gathered from the entire instrument, viewed in the light of existing circumstances; and, second, determining as a question of law whether the actual intention is so stated that it may be carried into effect, or whether fixed canons of interpretation require that his intention must fail of execution.

What was the actual intention of this testator viewed in the light of existing circumstances and as found within the four corners of the will? The bill, answer, and the two wills constitute the record. From this record, and the existing circumstances thereby disclosed, we feel justified in finding that Achorn and his wife were well advanced in years, were childless, had jointly accumulated a goodly portion of this world's goods, and that his affection for and confidence in his wife were very great. Aside from small pecuniary legacies to seven nieces his chief thought was that his beloved spouse should spend a serene, comfortable and independent widowhood, and enjoy his estate according to her wishes and station in life. The first sentence of the third paragraph, when read alone, would undoubtedly create in her an estate of inheritance under R. S., Chap. 79, Sec. 16. Stopping here we should unhesitatingly say that the actual intention was to devise and bequeath title in fee to real estate and absolute interest in personal property. But although the second and third sentences are separated from the first by a period, as occurred in the very recent case of *Reed* v. *Creamer*, 118, Maine, 317, yet, as in that case, the second and third sentences are linked with the first and all must be

read together. Thus read we find running through the entire third paragraph a power of disposal more or less qualified. She could dispose "during her life time," and she could use the proceeds of sale "for her support and maintenance or the support and maintenance of any person or number of persons that she may select." These qualifications cannot be ignored even though more sweeping and unlimited language immediately follows. She could not dispose of the estate for every purpose. *Homans* v. *Foster*, 232 Mass., 4.

That the power of disposal which Mr. Achorn gave to his wife was limited rather than unlimited is further shown by the language employed by him in the beginning of the fourth paragraph, viz: "If, after the decease of my wife, there is any part of my estate left, after my wife has exercised the power heretofore stated" &c. For if her power was absolute, then after its exercise there could be nothing left; if her power was limited, then after its exercise there would or might be something left. Therefore, the fact that he provides for a remainder, after the exercise of the power by her, clearly shows that he regarded the power as limited rather than unlimited, qualified rather than unqualified.

Had he said "In case my wife fails to exercise the power, then I give" &c. that would be consistent with an absolute or unqualified power which remained unexercised, as was the case in *Burbank* v. *Sweeny*, 161 Mass., 490, but here he provides for a remainder after a full and complete exercise of power, and that necessarily implies that the power itself must be limited or qualified.

We are of the opinion that the actual intention was to create a life estate in the widow, with remainder over; that the intention was judicially expressed, that no rule of law has been forced, and the fourth rule in *Barry* v. *Austin*, 118 Maine, 51, must be applied, viz: If the devise is expressed in such general terms as would otherwise create an estate of inheritance under R. S., Chap. 79, Sec. 16, and those general terms are followed by a qualified and restricted power of disposal in the first taker, a life estate by implication is created and the limitation over is valid.

The residuary legatees under the will of Charles F. Achorn are to share in the residuum of his estate, according to the terms of his will, and decree will be prepared and presented by the plaintiff to any Justice of this court, sitting as a court in equity, for his signature, in accordance with this opinion. Parties to pay their own costs and counsel fees.

# MEMORANDUM DECISIONS

## CASES WITHOUT OPINIONS