OCTAVIA M. LOUD

*vs.*

IDA V. POLAND.

Lincoln.    Opinion February 4, 1927.

*A deed of real estate conveying a life estate to wife of grantor and "whatever re-mains" to his heirs, construed as giving a power to sell, by implication, to grantee of the life estate, adopting the same principle of construction as prevails in cases of de-vises.*

In the instant case, Ruth Loud, having the right to sell, when necessary, and, in the absence of fraud, being the judge of the necessity, could and did by her deed to the defendant convey good title to the premises.

On report.    Agreed statement of facts.    Petition for parttion. The case involved is the construction of a deed which conveyed a life estate to wife of grantor and "whatever remains" to his heirs.

The question at issue was as to whether the grantee of the life estate had, by implication, power to sell.    Petition dismissed in accord-ance with the stipulation of the parties.

The case is fully stated in the opinion.

*Howard E. Hall*, for plaintiff.

*Rodney I. Thompson*, for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J.    This is a petition for partition coming to this court on an agreed statement of facts.

The real estate in question was, prior to October 9, 1897, owned by Robert Loud.    Plaintiff claims ownership in two undivided thirds of same by reason of certain conveyances to her by his children.    De-fendant admittedly owns one undivided third of the property by

certain similar conveyances and claims title to the whole under a deed from her mother, Ruth Loud, widow of Robert Loud.

The parties stipulate that the petition be dismissed provided that this court finds that the deed from Ruth Loud conveys the fee to the defendant, otherwise judgment for partition shall be ordered.

On October 9, 1897, a few days before his death, Robert Loud executed and delivered to his wife Ruth Loud, a deed of the premises in question, which deed contained the following provisions:

> "Meaning to convey to said Ruth Loud, the grantee above named, all my estate, to her use and benefit during her natural life. She to have the use and custody of same but not to make unnecessary waste or use thereof and the understanding is that my children shall still continue to come and go and have a home on the place as they have been accustomed heretofore and at the decease of my said wife said property or estate, whatever remains, shall descend in order of law to my children or their representatives."

On December 15, 1913, Ruth Loud conveyed the property in fee to this defendant, taking back a bond for support secured by mortgage on the property. She was then living with and supported by the defendant and continued to so live and be supported until her death at the age of eighty-five.

The issue in this case is whether or not under the deed from Robert Loud, Ruth Loud acquired title that would enable her to convey the fee to the defendant.

The wording of the instrument is not precise, but the intent of the parties thereto may be ascertained by a study of its various provisions and may be given full effect by reasonable interpretation.

To Ruth was conveyed a life estate. She was to have the use and benefit of the property during her lifetime. She was not to make unnecessary waste or use thereof. She was to have the use and custody of the same.

Her interest was limited by the understanding that the children of Robert should have a home on the place as they had been accustomed heretofore. Under this clause in the deed the children were entitled to certain equitable rights. *Poland* v. *Loud,* 113 Maine 260. If Ruth conveyed the property, she must convey subject to those rights.

The undefined equitable interest passing to Robert Loud's children was personal. It did not extend to their heirs and assigns.

The plaintiff took nothing on that score by her deed from them.

Ruth Loud had a life estate in the property subject to or limited by the equitable rights of her stepchildren. But "a power to dispose of land in fee may be and often is given to a tenant for life." *Sedgwick* v. *Laflin*, 10 Allen, 430.

Such a power is implied, in the instant case, by the closing clause of the paragraph quoted. "And at the decease of my said wife, said property or estate, whatever remains, shall descend in order of law to my children or their representatives."

The words "whatever remains" are significant. It has been held many times both in this state and in Massachusetts that these words or others of similar import, when added to a devise of a life estate, imply a power to sell, unless controlled, limited, negatived or modified by other words or phrases, or unless such construction is plainly contrary to the intent of the testator.

Among the many cases in point are *Shaw* v. *Hussey*, 41 Maine 495; *Warren* v. *Webb*, 68 Maine 133; *Stuart* v. *Walker*, 72 Maine 145; *McGuire* v. *Gallagher*, 99 Maine 334, and *Young* v. *Hillier*, 103 Maine 20. In the latter case the court said: "It is generally conceded that the expression 'whatever may remain of said estate' in the devise of a remainder after a life estate is expressly created, or by the use of the expression, 'if any remains', or by the use of any words of similar import, a power of sale is annexed to the life estate by implication." This doctrine is approved in *Harris v. Knox*, 21 Pick. 412, *Johnson* v. *Battelle*, 125 Mass. 453, Words and Phrases, Second Edition, Vol. 4, Page 257.

These cases all relate to devises of real estate and not to conveyances by deed, but a like principle of construction should apply in the one case as in the other. The effort in the first instance is to ascertain the intent of the testator, in the latter to ascertain the intent of the parties. Broadly speaking, language used in a will which would indicate a certain intent, would indicate a similar intent when used in a deed. Unless the words "whatever remains" as used in this conveyance imply a right to dispose of the property, they have no meaning. Omitting them from the sentence in which they occur, that sentence would read: "At the decease of my said wife said property or estate shall descend in order of law, to my children or their

representatives," an entirely different proposition from that presented when they are included.

Ruth Loud then, acquired, by deed from Robert, a life estate in the premises, subject to the equitable rights of Robert's children, to which was annexed, by implication, the power to sell if and when such a sale constituted that necessary use of the property to which she was entitled. She was the judge of the necessity. In the absence of fraud her judgment must govern. *Richardson* v. *Richardson,* 80 Maine 585. *Hodgdon* v. *Clark,* 84 Maine 319. *Small* v. *Thompson,* 92 Maine 545. *Haselton* v. *Shepherd,* 99 Maine 495. A contrary view is expressed in *Haines* v. *Brown,* 114 Maine 320, in an opinion in which the cases cited above are not discussed and were apparently overlooked. Notwithstanding this later opinion, *Richardson* v. *Richardson,* supra, and the supporting cases may be regarded as authority on this point.

Having the right to sell, when necessary, and, in the absence of fraud, being the judge of the necessity, Ruth Loud could and did by her deed to the defendant convey to her good title to the premises.

This construction gives effect to every clause and is not inconsistent with what reasonably appears to have been the intention of the parties.

The entry should be

*Petition dismissed.*