CHARLES F. BRAGDON *vs.* EDWARD SMITH,

EXECUTOR OF THE LAST WILL OF HOYT L. SMITH.

Hancock.     Opinion, April 29, 1940.

*Blaisdell & Blaisdell,* for plaintiff.
*C. J. Hurley,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

BARNES, C. J.   This is an action of debt (R. S., Chap. 78, Sec. 27) to recover the amount of a pecuniary legacy under a will proved and allowed by the Probate Court. It is brought up on an agreed statement of facts, with exhibits attached, upon exceptions by the legatee to judgment of "plaintiff nonsuit," together with a stipulation showing, with other facts not requiring recital here, that defendant, Edward Smith, otherwise known as Edward L. Smith, is the duly qualified executor of the decedent, Hoyt L. Smith, that the Warrant and Inventory returned in said estate showed an appraisal value of decedent's estate in the sum of $5,286.90, as follows: personal estate $1,736.90, and real estate, $3,550.00; that the total of bills paid by the executor to date of the writ herein, including a legacy entitled to preference under clause four of the will, amounts in sum to $2,223.79; that sufficient demand for payment of the legacy sued for had been made before suit; that no claims against said estate have been filed with the executor or in Probate Court; no license for sale of real estate has been issued nor any petition to sell real estate been filed; that the interval of time fixed by statute between the final allowance of this will, and date of bringing suit had elapsed before suit was brought; and, last, that plaintiff herein is

the same person to whom, under paragraph five of said will the sum of five hundred dollars was bequeathed.

The justice below found no evidence or contention that the inventory as stipulated does not include, as herein-above stated, all of the decedent's personal estate, or that the executor realized therefrom more than the appraisal value.

He also found:

"The total amount paid by the executor for bills and for the legacy bequeathed to Geneva J. Smith, which had priority over the other legacies, is two thousand two hundred twenty-three dollars and seventy-nine cents. The plaintiff does not attack the amount, validity or priority of the claims so paid, and so it is apparent that the personal estate of the deceased which came into the possession of the executor has been exhausted.

"It appears, however, that the appraisal value of the unsold real estate, not specifically devised, is greater than the total amount required to pay in full all of the unpaid legacies; but no license to sell it has been granted or applied for in the probate court, and no power to sell real estate is conferred upon the executor in the will."

The theory on which this suit is brought seems to be that the real estate belonging to Hoyt L. Smith at the time of his decease, although not yet reduced to cash, is assets out of which legacies may now be paid, and hence the executor may be adjudged liable to pay them.

Perhaps as broad a definition as we can find of "assets" of a decedent is that of Justice Story, who says:

"In an accurate and legal sense, all the personal property of the deceased, which is of a salable nature, and may be converted into ready money, is deemed 'assets,' but the word is not confined to such property; for all other property of the deceased which is chargeable with his debts or legacies, and is applicable to the purpose, is, in a large sense, assets." Story, Eq. Jur., Par. 531.

But, quoting from the same text, at Par. 551:

"Legal assets are such as come into the hands and power of an executor or administrator or such as he is intrusted with by law *virtute officii* to dispose of in the course of his administratorship. In other words, whatever an executor or administrator takes *qua* executor or administratorship, or in respect to his office, is to be considered legal assets." (Italics added.)

Legacies may be an equitable and implied charge upon the real property of an estate.

"A devise of land after payment of debts, is a charge on the land; for, until debts paid, testator gives nothing." *Fenwick* v. *Chapman*, 9 Pet. (U. S.), 471 ; *Quinby* v. *Frost*, 61 Me., 77.

It is the general rule that where the testator's intention clearly appears that a legacy should be paid at all events, the real estate is made liable, on a deficiency of assets. *Additon* v. *Smith*, 83 Me., 551, 22 A., 470 ; *Walker* v. *Estate of Follett*, 105 Me., 201, 73 A., 1092.

The residuary clause in the will before the Court: "All the rest, residue and remainder of my property and estate real, personal and mixed of which I may die seized or possessed or to which I may be entitled in any way either in law or in equity or over which I may have testamentary control and wheresoever and howsoever situated, having no children, I give, devise and bequeath to my said cousin Edward Smith, to have and to hold to him and his heirs and assigns forever," is in no sense specific, and is not, therefore, exempt from the usual burden of residuary bequests, namely, payment of all debts and legacies. *Wilcox* v. *Wilcox*, 13 Allen, 252–256.

In re *Strolberg*, 106 Neb., 173, 183 N. W., 97, it is held that an express direction in the will that legacies should be paid out of the personal estate did not necessarily prevent the legacies from being chargeable against the residuary real estate, the court regarding this direction merely as a statement of what the law would otherwise imply, that the personal property was the primary fund for payment of the legacies, as expressed in annotation to the *Strolberg* case in 26 A. L. R., 648.

The present case is not one in equity to determine the legal construction of a will, but it is necessary that the will be construed in order to determine the intention of the testator as collected from the

whole will, examined in the light of the attendant facts which may be supposed to have been in the mind of the testator, for the intention of the testator, if it is not in contravention of some established rule of law or public policy, must be given effect. Maine decisions hereon, assembled, 69 C. J., page 54.

Further, the residuary clause contains no language indicating intent that the real estate should not be resorted to in case of deficiency of personal property.

On the contrary, the residuary clause disposes of all the remainder of the estate, real, personal and mixed, and this remainder is held to be the residue, after debts, expenses of administration, funeral charges, and the expense attendant upon securing and placing over testator's place of burial a "suitable marker," if such expense is approved by the Judge of Probate.

The justice below, however, further found:

"Although the statute confers upon a legatee the right to bring an action of debt against an executor to recover a specific legacy of a pecuniary nature (section 27, chapter 78, R. S., Maine, 1930), yet he is not entitled to judgment unless he proves reception of assets by the executor, making him liable to pay." *Farwell* v. *Jacobs*, 4 Mass., 634; *Smith* v. *Lambert*, 30 Me., 137, 142.

"The plaintiff contends that this unsold real estate constitutes assets out of which these legacies may be paid and so the executor is liable here.

"While this unsold real estate undoubtedly constitutes a part of the assets of the estate of the deceased, yet it is not assets in the hands of the executor. Title thereto is not in the executor, but passed directly to the devisee, subject to be divested as provided by law, and no steps have yet been taken to divest him of that title.

"But, the plaintiff, in effect, contends that the defendant was in duty bound to apply to the probate court for a license to sell this real estate, to raise money with which to pay these legacies, and to settle his account as required by the judge of probate, and failing to do so, should be held liable here.

"Even if it should be made to appear that the executor has

been negligent in the discharge of the duties of his trust (concerning which no opinion is expressed), yet that would not here avail the plaintiff." *Graffam* v. *Ray*, 91 Me., 234, 238.

"The legatee having failed to prove reception of assets by the executor, making him liable to pay, it follows that this action is prematurely brought.

"Since this case is submitted on a written agreed statement of facts containing no stipulation that decision is to be controlled by the pleadings, it is unnecessary to consider the form or sufficiency thereof." *Gardiner* v. *Nutting et al.*, 5 Greenl. (Maine), 140; *Machias Hotel Company* v. *Fisher*, 56 Me. 321; *Esty* v. *Currier*, 98 Mass., 500.

In so finding, the court was clearly right.

Plaintiff brings this action to enforce payment of a particular legacy, admitting by stipulation that the personal estate of the testator has been exhausted, and the only remaining assets, using the word "in a large sense" are parcels of real estate, which under the common law, descend to heirs.

But for many years, without exception that has come to our notice, an executor is not chargeable for the proceeds of real estate until the same are in his hands. *Smith* v. *Lambert*, 30 Me., 137; *Chapman* v. *Chick*, 81 Me., 109, 16 A., 407.

Assets in hand, as defined in 6 C. J. S., 1033, means "Such property as at once comes to the executor, or other trustee, for the purpose of satisfying claims against him as such," citing *Favorite* v. *Booher's, Admr.*, 17 Ohio St., 548, 557.

There remains to be said that nothing in the record charges the executor with negligent delay.

We think the exceptions must be overruled. Whatever rights the plaintiff may have, can be secured in another form of proceeding, but not in this.

*Exceptions overruled.*