EDWARD F. BARNARD, IN EQUITY
*vs.*
STELLA FULLER LINEKIN

Knox.    Opinion, October 28, 1955.

*Domenic P. Cuccinello,* for plaintiff.

*Alan L. Bird,*
*Samuel W. Collins, Jr.,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J.  TAPLEY, J., did not sit.

WILLIAMSON, J.    This is a bill in equity for the construction of the wills of Abel M. Fuller and Lizzie M. Fuller, and equitable relief dependent thereon. It is reported to us on bill, answer, and an agreed statement of facts. The plaintiff is a grandson, and the defendant a daughter of the testators. No other persons are interested in the estates. The parties say that "title to substantial real estate is affected by the construction of these wills."

The decisive question is whether the grandson, being more than twenty-five years old at the death of his grandparents, took any interest under either will.

Mr. and Mrs. Fuller executed their wills at the same time in 1923. The grandson was then twelve years old, the son of a deceased daughter of the testators. Mr. Fuller died in February 1936 and Mrs. Fuller in March 1940. In each instance the will was duly allowed in the probate court shortly after death. At the death of his grandfather in 1936 the grandson had reached the age of twenty-five years one month and one day.

Mr. Fuller's will provided as follows:

*First* — The entire estate to his wife for life with full power of disposal.

*"Second* — Should my beloved wife, Lizzie M. Fuller predecease me, or should any portion of my estate bequeathed and devised to my beloved wife in accordance with the foregoing paragraph of this my will be remaining at the time of her decease, then I dispose of my property as follows: . . ."

(a)   A certain house with contents to the defendant. The testator desired that the grandson "up to the time that he arrives at the age of twenty-five years have a room in the house herein devised and a home."

(b)   One-half of the residue to the daughter.

(c)   "the remaining one-half of all of the (residue) . . . to Stella Fuller Linekin (the daughter), her heirs and assigns forever, as Trustee, to have and to hold upon and for the trusts and purposes hereinafter set forth."

I.   Authority and directions for the trustee for the management of the trust.

"II.   I direct my Trustee to pay over and apply for the education, support, maintenance, comfort or pleasure of my grandson, Edward F. Barnard, up to the time of his attaining the age of twenty-five years, so much of the income of my said trust estate and at such times and in such amounts as to my said Trustee may seem advisable in her sole and

absolute discretion, for his sole and separate use, without power of anticipation, or alienation and free from the control or interference of his creditors. Any income undisposed of or unapplied for a period of six months after the same has accrued shall be added to the principal of the said trust fund and follow the disposition thereof." Application of principal for the same purposes in the discretion of the wills simply exchange wife for husband.

"(d) Upon my said grandson, Edward F. Barnard, attaining the age of twenty-five years, I direct that the said trust hereinbefore created shall terminate, and I give, devise and bequeath whatever shall then remain of my said trust estate, together with any undisposed of income, to my grandson, Edward F. Barnard, in fee, discharged from any trust.

"(e) If Paragraphs Second (c) I and II of this my last will which have relation to the trust estate for the benefit of my grandson do not become effective, or if said Paragraphs do become effective and my said grandson, Edward F. Barnard, does not attain the age of twenty-five years, in either event, I give, devise and bequeath all of my estate, real, personal or mixed, of every kind and description and wheresoever situate, of which I may die seized or possessed or over which I may have control, to my said daughter, Stella Fuller Linekin."

The will of Mrs. Fuller is substantially like that of her husband. Mrs. Fuller gave to her husband a life estate with full power of disposal, and in paragraph Second disposed of her estate in event her husband predeceased her and of any property remaining at his decease. To this point the trustee was also authorized.

Clauses (a) I and II (b) and (c) in the wife's will are comparable to clauses (c) I and II (d) and (e) in the husband's will. Under clause (a) the wife gave the entire resi-

due of her estate in trust, and not one-half as did the husband. Clauses I and II are identical with the husband's will, except that there is no authorization for the trustee to expend principal as in the wife's will.

Clause (b) differs from clause (d) in the husband's will in that the remainder is "to my grandson, Edward F. Barnard, and my daughter, Stella Fuller Linekin, or the survivor of them" and not to the grandson alone.

Clause (c) and clause (e) of the husband's will are identical, except for the necessary change in reference in the wife's will to "Paragraphs Second (a) I and II."

We are requested by the parties to determine under each will whether the trust for the plaintiff grandson "ever took effect," and also to whom the residuary estate passed. Our task is to find and give effect to the intent of each testator at the time of the making of the will.

The intention is to be found in the will as a whole and in doubt from the surrounding circumstances. *Wing, Adm'x. C. T. A.* v. *Rogers, et al.,* 149 Me. 340, 107 A. (2nd) 708 (1954) ; *U. S. Trust Co.* v. *Douglass et al.,* 143 Me. 150, 56 A. (2nd) 633 (1948). "A later clause in a will controls a preceding one." *Woodbury* v. *Woodbury,* 74 Me. 413, 414 (1883). ". . . where an estate is given by a will, it cannot be cut down or taken away by a later clause except by clear and unambiguous language." *Brittain* v. *Farrington,* 318 Ill. 474, 149 N. E. 486, 489 (1925). See Restatement, Property § 246. We study the wills with these rules in mind.

Turning to Mr. Fuller's will, we find the critical language in clause (e), above. The daughter under this clause takes the entire estate to the exclusion of the grandson if Second (c) I and II, the trust paragraphs above, (1) "do not become effective" or (2) "do become effective" and the grandson does not reach twenty-five. The measure of the gifts is

thus determined by whether the trust paragraphs do or do not become effective.

There are two situations which call for no discussion: First, the trust paragraphs did not become effective unless the grandson survived the testator; Second, the trust paragraphs became effective if the grandson was under twenty-five at the testator's death. The precise question before us is whether the trust paragraphs, that is to say the trust, became effective when the grandson was over twenty-five at the testator's death. The period within which the property would have been held in trust for him had then ended.

If clause (e) were not in the will, the grandson would have taken under clause (d) since he survived the testator and reached twenty-five. The trust in such case would doubtless have been considered to be machinery created by the testator to protect and preserve the grandson's property until he reached the stated age. The interest of the grandson in such event under clauses (c) and (d) would not have rested on whether or not the trust became effective, but upon survivorship and attainment of a stated age.

The grandson urges in substance that the same weight should be given the trust paragraphs in construing the will, including of course clause (e). He fails to consider, however, that the testator in plain words made the effectiveness of the trust paragraphs a condition upon which the gift to the grandson rested. The trust, in the words of clause (e), was more than machinery to keep property for the grandson until a given age. The gift to the grandson was thereby made dependent upon the effectiveness of the trust.

In view of the grandson's age at the testator's death, there was no reason whatsoever for the trust to become operative. Accordingly the trust did not become effective. Hence the gift to the grandson failed and the daughter took all.

It may seem inequitable that the grandson's interest should hinge upon whether he reached twenty-five years of age before or after his grandfather's death. We may speculate on the reasons why a grandfather would leave property in trust for a grandson until he reached twenty-five, and with the remainder to him on reaching such age, and yet provide that if the grandson had attained twenty-five at the grandfather's death he would take nothing. These questions naturally occur, but they are not the questions before us.

We must find the intention of the testator from the words in the will. We cannot rewrite the will for the testator. *Huard* v. *Hegarty*, 122 Me. 206, 119 A. 609 (1923). He had the lawful right to make the gift to his grandson dependent upon the trust becoming effective. If the grandson had predeceased the testator, it would not have become effective. No more did it become effective when the grandson was over twenty-five at the testator's death. See *Buck* v. *Paine*, 75 Me. 582 (1884).

The same principles apply with the same result in the construction of Mrs. Fuller's will.

We answer the questions submitted by the parties as follows:

I. Under the Second paragraph of the will of Abel M. Fuller:

    (a) The trust in favor of the grandson never took effect.

    (b) Title to one-half of the residuary estate passed to the daughter under paragraph Second clauses (c), (d), and (e).

II. Under the Second paragraph of the will of Lizzie M. Fuller:

    (a) The trust in favor of the grandson never took effect.

(b) Title to the residuary estate passed to the daughter.

III. It is not necessary that we answer the questions relative to the vesting of the corpus of a trust in the grandson on the death of Mrs. Fuller. There was no trust and the property passed as stated in II (b) above.

In light of our construction of the wills, the bill should be dismissed. Under the circumstances it is equitable that no costs be taxed.

The entry will be

*Ordered that a decree be entered below in accordance herewith.*