**ESTATE OF Herbert F. HARDY.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1992.
Decided June 25, 1992.

Joel Dearborn, Ferris, Dearborn & Willey, Brewer, for appellant.

Roger G. Innes, Hale & Hamlin, Ellsworth, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Herbert F. Hardy died testate in Maine in 1979. After providing for the payment of his funeral expenses and administrative costs, Hardy's will left his widow a life estate in all of his remaining assets.[1] The

---

1. The relevant language provides:

    SECOND: I bequeath and devise to my wife, RUTH M. HARDY, a life estate in and to all the rest, residue and remainder of my property specifically including, but not limit-

    ed to, the property owned by me in Great Pond, Maine which I request not to be sold but continue to be used by my daughter, GERI BUTLER.

will also provided for specific bequests and devises to be made upon termination of the life estate.[2] Irene (Geri) Butler, as the personal representative of the estate, filed a petition for instructions in the Hancock County Probate Court (Ellsworth, *Patterson, J.*) to determine whether the third article of Hardy's will disposed of the furniture as well as the real property located at Great Pond. After a hearing, the court determined that the provision only disposed of the real property, and Butler appeals. We hold that the Probate Court erred as a matter of law and vacate the order.

■ The existence and the meaning of ambiguous language in a will are both questions of law for the trial court when no extrinsic evidence is presented as to the intent of the testator. *See Estate of Wilson*, 542 A.2d 838, 839 (Me.1988); *Estate of Cushman*, 501 A.2d 811, 813 (Me.1985). We review questions of law *de novo* and may substitute our judgment for that of the trial court. *See Bliss v. Bliss*, 583 A.2d 208, 210 (Me.1990).

■ Here, the evidence before the trial court was limited to the language within the four corners of Hardy's will. We concur in the court's determination that because the word "property" is expressly qualified to include both realty and personalty in the other articles of the will, its meaning is ambiguous in the context of the will's third article. We disagree with the trial court, however, as to the intent of the testator manifested by the word "property" in article three of the will.

■ As we have previously stated, "The intention of the testator, collected from the language of the whole instrument interpreted in light of the manifest object of the testator, guides construction of [a] will." *Estate of Sweet*, 519 A.2d 1260, 1264 (Me. 1987). In the second article, the meaning of the word "property" must be determined without reference to the words "all the rest, residue and remainder" because they are words of limitation only and do not describe the kind of assets that are in view. The distinction is illustrated by contrast with the fifth article where the word "property," similarly limited, is described as "real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated." The term "property" in the second article must be construed as encompassing both personalty and realty despite the omission of descriptive qualifiers; otherwise, the testamentary provision for the assets of Hardy's estate during the life term of his widow is incomplete. Thus, Hardy did not qualify the term "property" each time he intended a reference to both personalty and realty.[3]

■ The second article also establishes that Hardy intended to provide a home for Butler at Great Pond during the period of the life estate created for his widow. Reading that article together with article three leads to the conclusion that Hardy intended not only the real property at Great Pond but also the furnishings to go to Butler on termination of the life estate. Accordingly, we vacate the order of the Probate Court and remand with instructions to enter an order consistent with our opinion herein.

The entry is:

Order vacated; remanded to the Probate Court with instructions to enter an order consistent with the opinion herein.

All concurring.

---

2. The language at issue here provides:
    THIRD: Upon the death of my wife, RUTH M. HARDY, I give and bequeath my property in Great Pond, Maine to my daughter, GERI BUTLER.

3. Although the Maine Probate Code was enacted after the execution of the will in this case and, therefore, is not controlling, we note that the word "property" is defined therein as including both real and personal property. 18-A M.R.S.A. § 1-201(33) (1981).