### ESTATE OF Phyllis R. O'CONNOR.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 10, 1992.
Decided Nov. 12, 1992.

Roger G. Innes, Hale & Hamlin, Ellsworth, for plaintiff.

R. Lee Ivy, Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Sandra Dinsmore, a beneficiary under her mother's will, appeals the interpreta-

tion of the will rendered by the Hancock County Probate Court (*Patterson, J.*). The court ruled that a bequest to her stepfather conveyed full title to personal property rather than a life estate. She contends that the Probate Court erroneously excluded certain written statements of the testator and improperly weighed evidence that was admitted to show testator's intent in light of her claim of an ambiguity in the will. Dinsmore also appeals the court's refusal to except from the statute of limitations an action against her stepfather as personal representative of the estate. The estate of the now-deceased stepfather cross-appeals the Probate Court's finding that the will contains an ambiguity. Because there is no ambiguity in the testator's will, we conclude that the court's evidentiary rulings are irrelevant. We find no error in the court's application of the statute of limitations, and we affirm the judgment.

The will of Phyllis R. O'Connor, who had remarried and established her home in Castine, named her husband Dr. Robert B. O'Connor as the personal representative of her estate. She had four daughters by her first marriage, and the will bequeathed her tangible personal property and homestead furnishings, furniture, and contents under two provisions that underlie the disputes presented in the appeal.

## I.

The Probate Court found that the following portions of Article Fourth of the will created an ambiguity whether the testator intended to bequeath to her husband full title *or* a life estate in homestead furnishings, furniture, and contents:

I give and devise whatever interest I have in my homestead premises located on Dyer Lane in Castine, Maine, together with all household furniture, furnishings and contents except those specifically described in Article Third, above, to my husband, Robert B. O'Connor, if surviving.

I do not wish my children to request or move any of the contents of our home (other than those items specified in Arti-cle Third, above,) during my husband's lifetime while he continues to reside in our home. He may make such gifts or bequests as he deems appropriate, but I want it clearly understood that the household furniture and furnishings are his to dispose of as and when he likes.

The Probate Court admitted extrinsic evidence to resolve the ambiguity it found. Whether a will contains an ambiguity within the document's four corners, however, is a question of law. *Estate of Herbert F. Hardy*, 609 A.2d 1162, 1163 (Me.1992). We find no ambiguity in Mrs. O'Connor's will.

We have previously held that the devise of a fee simple interest in one clause of a will makes a limitation on such devise in a subsequent clause "repugnant and void." *Browne v. Dubey*, 251 A.2d 424, 425 (Me. 1969) (citing *Morrill v. Morrill*, 116 Me. 154, 155, 100 A. 756 (1917)). "A devise without words of inheritance but coupled with an unqualified power of disposal, either express or implied, conveys an absolute estate." *Id.* (quoting *Methodist Church of Monmouth et al. v. Fairbanks et al.*, 124 Me. 187, 188, 126 A. 823 (1924)). The testator here bequeathed "whatever interest I have" in the Castine home and its contents "except those [items] specifically described in Article Third" to her husband. Moreover, she expressed her desire that the absolute nature of the bequest be "clearly understood." The precatory language addressed to the children in the first sentence of the second paragraph is repugnant, ineffective, and does not control the disposition of the testator's property. 1 W. Bowe & D. Parker, *Page on Wills* § 5.19 at 211–24 (1960). Although the Probate Court erred in finding that testator's will was ambiguous, and in admitting extrinsic evidence, the errors were harmless because the court correctly concluded that the will bequeathed full title to testator's husband.

## II

Article Third of the will, under the heading *"Tangible Personal Property,"* provided:

My clothes and jewelry are to be divided equally among my surviving daughters

as they agree, or in the absence of agreement, as my Personal Representative deems appropriate. I devise each gift given to me by any one of my daughters to that daughter.

■ The husband, as personal representative of the estate, interpreted the second sentence of Article Third as applying only to gifts of clothes and jewelry. Having distributed the estate in accord with his interpretation, he filed a sworn statement closing the Estate in accord with 18–A M.R.S.A. § 3–1003 (1981). Six months passed, and no objection to the distribution was filed. Thereafter, Dinsmore, contending that the second sentence applies to any gift of personal property, brought an action against the personal representative. The court dismissed the action as untimely. She now asserts that the personal representative's sworn statement closing the estate was an inadequate disclosure, justifying an exception to the six-month statute of limitations in 18–A M.R.S.A. § 3–1005 (1981) on actions against a personal representative.[1] Specifically, she contends that the statement did not disclose that Article Third of the will provided for the bequest of gifts other than clothing and jewelry and did not indicate that all gifts had been distributed. In addition, she claims she was not provided with an inventory of the tangible personal property from which gifts might be discerned and was given the impression by the estate's attorney that she and her sisters would receive the personal furniture of the testator in the future. The Probate Court found that there was adequate disclosure in the sworn statement and declined to except the action from the statute of limitations.

■ The Probate Court's finding of adequate disclosure is a factual finding and should be overturned only if it is clearly erroneous. *Estate of Wilson,* 542 A.2d 838, 839 (Me.1988); *Estate of Mitchell,* 443 A.2d 961, 962 (Me.1982). If any competent evidence supports the factual finding, it stands. *Hamm v. Hamm,* 584 A.2d 59, 62 (Me.1990). The sworn statement closing the estate must verify, among other things, "that the assets of the estate have been distributed to the persons entitled." 18–A M.R.S.A. § 3–1003(a)(2) (1981). No evidence suggests that the personal representative acted in bad faith in his interpretation of the will. The sworn statement was identified as a "First and Final Account" and does not justify any implication that it did not include all gifts. Although the sworn statement did not include a detailed inventory, no evidence exists that any asset was undisclosed. In addition, the Probate Court found that Dinsmore "had independent ability and opportunity to compare the Sworn Statement with the Will and with her recollection of gifts to her mother." Competent evidence supports the finding that the sworn statement provided adequate disclosure.

The entry is:

Judgment affirmed.

All concurring.

---

1. The statute provides as follows:

   Unless previously barred by adjudication and except as provided in the closing statement, the rights of successors and of creditors whose claims have not otherwise been barred against the personal representative for breach of fiduciary duty are barred unless a proceeding to assert the same is commenced within 6 months after the filing of the closing statement. The rights thus barred do not include rights to recover from a personal representative for fraud, misrepresentation, or inadequate disclosure related to the settlement of the decedent's estate.

   18–A M.R.S.A. § 3–1005 (1981).