**Lillier E. LANGILLE**

v.

**Harry H. NORTON.**

Supreme Judicial Court of Maine.

Argued April 26, 1993.

Decided July 20, 1993.

Michael W. Macleod–Ball (orally), Verrill & Dana, Portland, for plaintiff.

Mark W. Lawrence (orally), William P. Briggs, P.A., Kittery, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Lillier Langille appeals from a summary judgment entered in the Superior Court (York County, *Cole, J.*) in favor of Harry Norton, the personal representative of the Estate of Roger Norton, on Langille's complaint for declaratory relief concerning the ownership of certain real and personal property devised by the will of Paul Norton. We find no error in the court's determination that the residuary clause of the will of Paul Norton granted a fee simple interest to Roger Norton and that a subsequent clause granting a remainder interest to Langille was void. Accordingly, we affirm the judgment.[1]

Paul and Roger Norton were brothers. Roger had two children, Langille and Roger, Jr. Paul Norton died in 1973 leaving a will dated May 23, 1962, that stated:

All the rest, residue and remainder of my property, real, personal, and mixed, wherever situated and however and whenever acquired, I give, bequeath and devise unto my brother, Roger R. Norton, of York Beach, in the Town of York, to him and his heirs and assigns forever.

If my said brother, Roger R. Norton, at the time of his decease shall own and/or possess any real or personal property that shall have come to him from my

---

1. We do, however, grant in part Langille's motion to strike certain portions of Norton's brief. Specifically, we strike the first sentence of the second paragraph on page one, and the introductory phrase of the last complete sentence on page fifteen, because they are unsupported in the record. *Westman v. Armitage,* 215 A.2d 919, 923 (Me.1966).

Estate, such property not having been used, sold, consumed or expended by him, I give and devise such property, both real and personal to Dean Horne and Lilla Horne,[2] both of York Beach, in the Town of York.

Roger Norton died in 1990. His will included a specific bequest to his daughter, Langille, and left the remainder of his estate to his son, Roger, Jr. Included as property of his estate are certain shares of stock and real property that Langille contends were formerly owned by Paul Norton and passed by his will to Roger.

Langille filed a complaint seeking a declaratory judgment that Roger held only a life interest in the property of Paul and that she has a remainder interest in the shares of stock and real estate. Langille also seeks damages from Harry Norton, as the personal representative of Roger's estate, for conversion and the breach of a fiduciary duty. After a hearing, the court denied Langille's motion for a summary judgment and entered a judgment for Norton. M.R.Civ.P. 56(c). The court concluded that Paul "devised his real estate and personal property in fee to Roger R. Norton, Sr." and, as a result, the "clause of Paul M. Norton's will granting a remainder interest in his estate to Lillier E. Langille upon Roger R. Norton Sr.'s death is void."[3] Langille appeals.

■■■ Whether the language of a will is ambiguous, and the resolution of any ambiguities, are questions of law that we review *de novo* when no extrinsic evidence of the testator's intent is presented to the court. *Estate of Hardy*, 609 A.2d 1162, 1163 (Me.1992). No such extrinsic evidence was presented here. Although the various provisions in a will should be reconciled if possible, *Thaxter v. Fry*, 222 A.2d 686, 690 (Me.1966), when there are provisions that are irreconcilable in the will, we employ established rules of construction in order to aid our determination of the testator's in-

tent and to resolve the ambiguity. *Estate of Sweet*, 519 A.2d 1260, 1265 (Me.1987).

■■ The first clause of Paul Norton's will contains a specific devise to Roger Sr., in the "classical form ... [of an estate] in fee simple." *Browne v. Dubey*, 251 A.2d 424, 425 (Me.1969); *see also Sweet*, 519 A.2d at 1264 n. 3 (noting absence of boilerplate language " 'heirs and assigns' ... often associated with devises of absolute fees"); *Babb v. Rand*, 345 A.2d 496, 499 (Me.1975) (distinguishing grant in fee simple absolute from general devise with condition subsequent); 28 Am.Jur.2d *Estates* § 94 (1966) ("It is a well-settled, general rule that where there is a grant, devise, or bequest to one in general terms only, expressing neither fee nor life estate, and there is a subsequent limitation over of what remains at the first taker's death, if there is also given to the first taker an unlimited and unrestricted power of absolute disposal, express or implied, the grant, devise, or bequest to the first taker is construed to pass a fee.").

Paul's grant to Roger Sr. does not express a life estate. *See, e.g., Loud v. Poland*, 126 Me. 45, 46, 136 A. 119, 119 (1927) ("all my estate, to her use and benefit during her natural life...."); *Smith v. Walker*, 118 Me. 473, 474, 109 A. 10, 10 (1920) ("To my beloved wife ... during her lifetime...."). Nor does it imply a life estate or other lesser estate arising from a general devise absent words of inheritance that is coupled with a subsequent limitation on the devise. *See, e.g., Sweet*, 519 A.2d at 1264 (general devise limited by implied special power of appointment); *Babb*, 345 A.2d at 499 (general grant in "fee simple" conditioned on providing access to heirs); *Barnard v. Linekin*, 151 Me. 283, 288, 118 A.2d 327, 329 (1955) (general devise in trust for grandson conditioned on grandson not reaching the age of 25 prior to testator's demise); *Ladd v. Baptist Church of E. Randolph, Vt.*, 124 Me. 386, 390, 130 A.

---

**2.** It is undisputed that Lilla Horne is Lillier Langille.

**3.** Even though the Superior Court concluded that Paul Norton intended to give Lillier Lan-

gille a remainder interest, that conclusion is based on the language of the will and not on any extrinsic evidence, and is reviewed *de novo*. *Estate of Hardy*, 609 A.2d 1162, 1163 (Me.1992).

177, 179 (1925) (general devise to husband, mother, and friend with remainder in church created implied life estate); *Gregg v. Bailey*, 120 Me. 263, 274–75, 113 A. 397, 402 (1921) (general devise to sisters with subsequent gift over to survivor of them and then surviving daughters); *Barry v. Austin*, 118 Me. 51, 60, 105 A. 806, 810 (1919) (general devise with limited power of disposal "for his own use").

Accordingly, Paul Norton's will expresses two inconsistent intents; a devise in fee simple absolute to his brother, and a conditional gift of the same property to his niece. "We have previously held that the devise of a fee simple interest in one clause of a will makes a limitation on such devise in a subsequent clause 'repugnant and void.'" *Estate of O'Connor*, 615 A.2d 1179, 1180 (Me.1992) (quoting *Browne*, 251 A.2d at 425). Paul's devise to his brother Roger Sr. "and his heirs and assigns forever" conveys a fee simple absolute estate in his real property and absolute title to his personal property in language that we are not at liberty to ignore. *Browne*, 251 A.2d at 425; *Keniston v. Adams*, 80 Me. 290, 296, 14 A. 203, 205 (1888) (power to assign implies absolute title). Such a conveyance does not permit construction as an implied life estate. As a result, the attempted gift over to Langille is null and void because there is no interest remaining to be devised. *Browne*, 251 A.2d at 425. Accordingly, the Superior Court correctly granted a summary judgment in favor of Harry Norton. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992).

The entry is:

Judgment affirmed.

WATHEN, C.J., and ROBERTS and GLASSMAN, JJ., concurring.

RUDMAN, Justice, with whom COLLINS, Justice, joins, dissenting.

I respectfully dissent from the Court's decision to void the provision of Paul Norton's will devising a remainder interest in certain of his real and personal property to his niece, Lillier E. Langille. We have repeatedly said that "[t]he intention of the testator, collected from the language of the whole instrument interpreted in light of the manifest object of the testator, guides the construction of [a] will." *Estate of Hardy*, 609 A.2d 1162, 1163 (Me.1992) (quoting *Estate of Sweet*, 519 A.2d 1260, 1264 (Me. 1987)). The testator's clearly expressed intent must be carried out unless it contravenes some established rule of law or public policy. *Bragdon v. Smith*, 136 Me. 474, 478, 12 A.2d 665, 667 (1940). "Canons of construction, although helpful, are not *per se* controlling and must give way to the true intent of the testator." *Whicher v. Abbott*, 449 A.2d 353, 355 (Me.1982) (citations omitted).

The Court relies on the rule stated in *Estate of O'Connor*, 615 A.2d 1179 (Me. 1992), that "the devise of a fee simple interest in one clause of a will makes a limitation on such devise in a subsequent clause 'repugnant and void.'" *Id.* at 1180 (quoting *Browne v. Dubey*, 251 A.2d 424, 425 (Me.1969)). However, "[r]epugnant portions of a will must be reconciled if possible by considering the will in its entirety and as an expression of consistent intents." *Whicher*, 449 A.2d at 355 (citing *Thaxter v. Fry*, 222 A.2d 686, 690 (Me. 1966)). A subsequent clause in a will controls a preceding clause, and may reduce a previously devised estate if stated in "clear and unambiguous language." *Barnard v. Linekin*, 151 Me. 283, 286, 118 A.2d 327, 329 (1955). Although the probate code is not applicable to the will in question, section 2–604 of Title 18–A ("A devise of property conveys all the estate of a devisor unless it appears by his will that he intended to convey a lesser estate."), is a statement of pre-code law.

Reviewing the evidence in the light most favorable to the party against whom a summary judgment has been granted, as this Court must, *see Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992), I conclude that Norton's will clearly and unambiguously evidences the testator's intent that Roger maintain a life estate in the devised property, with the right to consume, convey, or transfer it, and that Lillier inherit that portion of the property de-

**672**

vised remaining at Roger's death. In fact, the Superior Court found this to be Norton's "actual intent," but, nevertheless, voided the bequest to Lillier. Since it is the Court's obligation to examine the will as a whole, and not isolate certain portions, *see Estate of Sweet,* 519 A.2d at 1264, I disagree with the Court's exclusive emphasis on the provision of the will making the bequest to Roger. The Court's reading of the will renders the provision devising property to Lillier mere surplusage, a result obviously not intended by the testator. While the will's provisions were inartfully drafted, that does not change the Court's primary role in will construction; namely, to seek the intention of the testator. *Babb v. Rand,* 345 A.2d 496, 498 (Me.1975). Following the bequest to Roger, the will provides,

> If my said brother, Roger R. Norton, at the time of his decease shall own and/or possess any real or personal property that shall have come to him from my Estate, such property not having been used, sold, consumed or expended by him, *I give and devise such property, both real and personal to Dean Horne and Lilla Horne,* both of York Beach, in the Town of York.

(emphasis added). Because I find that language clearly and unambiguously reveals the testator's intent to create a remainder interest in Lillier, I conclude that it was error to apply a canon of construction to defeat that intent, and would vacate the judgment of the Superior Court.