## In re ESTATE OF Flora V. BRIDGES.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1989.
Decided Oct. 23, 1989.

Joel A. Dearborn, Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Roger G. Innes (orally), Hale & Hamlin, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

The Hancock County Probate Court (*Patterson, J.*) admitted the will of the late Flora V. Bridges to probate over the objection of one of her sons, Vaughn Bridges ("the contestant"). On his appeal the contestant contends that the court erred in rejecting his claim of undue influence and in excluding certain evidence offered in support of that claim. We do not find any error.

Mrs. Bridges died on August 1, 1987. Nine of Mrs. Bridges's twelve children survived her. Mrs. Bridges's will, dated February 4, 1980, left her entire estate, primarily real estate, to two of her sons, Oscar F. Bridges, Jr. and Linwood M. Bridges, as equal tenants in common, intentionally omitting any provision for the other children.

Mrs. Bridges's husband of fifty years predeceased her by eight years, bequeathing his entire estate to Mrs. Bridges but naming his two sons, Oscar, Jr. and Linwood M., as executors. The husband's major concern shared by Mrs. Bridges was that the land remain in the family intact. Four months after her husband's death, Mrs. Bridges made her will. Oscar, Jr. and Linwood accompanied her to the attorney's office, but Mrs. Bridges met alone with the attorney for approximately fifteen minutes in which the attorney explained the provisions of the will to her. Neither of these sons were present when Mrs. Bridges signed her will.

Contestant contends that there are two sources of undue influence which render Mrs. Bridges's will invalid. First, contestant alleges that the beneficiaries unduly influenced the preparation of Mrs. Bridges's will directly. Second, contestant alleges that Oscar, Jr. and Linwood unduly influenced the preparation of their father's will and that the father's original oral wish that his estate pass to Oscar, Jr. and Linwood unduly influenced Mrs. Bridges, depriving her of any independent will from that of her husband as to the disposition of the property. Accordingly, contestant argues that the Probate Judge should have admitted evidence offered in regard to Oscar, Jr.'s and Linwood's influence on the making of their father's will. We disagree.

In reviewing the factual findings of a probate court, the clearly erroneous standard applied. *Estate of Mitchell*, 443 A.2d 961, 962 (Me.1982). "If there is *any* competent evidence in the record which supports a finding, then that finding is not clearly erroneous." *Estate of Turf*, 435 A.2d 1087, 1089 (Me.1981) (emphasis added). A contestant of a will has the burden of proving undue influence. 18–A M.R. S.A. § 3–407 (1981). The Law Court has construed undue influence to mean "... influence in connection with the execution of the will, and *operating at the time the will is made*, amounting to moral coercions, destroying free agency, or opportunity which could not be resisted, so that the testator, unable to withstand the influence, or too weak to resist it, was constrained to do that which was not his actual will but against it." *Rogers, Appellant*, 123 Me. 459, 461, 123 A. 634, 636 (1924) (emphasis added).

■ Undue influence by its nature admits proof by circumstantial evidence and the inferences to be drawn therefrom. *In re Will of Fenwick*, 348 A.2d 12, 15 (Me. 1975). The most prominent circumstances regarded as evidence of undue influence are:

1) the existence of a confidential relationship between the testator and the one who is asserted to have influenced him;

2) the fact that the testator has disposed of his property in an unexpected or unnatural manner.

*In re Will of Fenwick*, 348 A.2d at 15. "... proof of such circumstances does not raise a *presumption* of undue influence. It simply permits the drawing of an *inference* that such was present." *Id.*

Furthermore, that inference must be based on more than "mere suspicion and conjecture," and mere opportunity, interest or inequality in distribution is insufficient proof of undue influence. *Id.*

■ Contestant did not meet his burden of proof. There was no ambiguity in Mrs. Bridges's will." There was sufficient evidence for the Probate Judge to conclude that Mrs. Bridges was alert and aware of the consequences of her will. The Probate Judge also concluded that the transportation of Mrs. Bridges to the attorney's office by her beneficiaries and their presence during part of the meeting did not meet the standard for undue influence where Mrs. Bridges was alone with her attorney when he explained the contents of the will and where the beneficiaries were not present when she signed it. With the evidence presented, the Probate Judge could also fairly conclude that Mrs. Bridges was not unduly influenced by the knowledge of her deceased husband's desires.

The Probate Judge's refusal to admit evidence of Oscar Jr.'s and Linwood's involvement in the preparation and execution of Oscar, Sr.'s will as irrelevant does not

affect the outcome of this case. The court found that this did not deprive Mrs. Bridges of free agency.

The entry is:

Judgment affirmed.

All concurring.