**ESTATE OF Marion LANGLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 2, 1991.

Decided Feb. 28, 1991.

James F. Molleur, Woodman & Edmands, Biddeford, for appellant.

Ernest J. Babcock, Elizabeth Lovejoy, Friedman & Babcock, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

BRODY, Justice.

Cecelia W. Morse appeals from an order entered by the Probate Court (York County, *Brooks, J.*) denying her petition for probate of a 1979 will executed by her mother, Marion Langley, and contesting the validity of Mrs. Langley's 1983 will which had been informally admitted to probate. Cecelia Morse contends that the Probate Court erred in concluding that she had not established undue influence by clear and convincing evidence. She also contends that the court erred in failing to consider certain deposition testimony in its decision to deny her petition. We affirm the order of the Probate Court.

Marion Langley and her husband, Maurice, owned real property in the town of Eliot. In 1979, soon after her husband's death, Mrs. Langley executed a will dividing her estate evenly between her daughter, Cecelia Morse, and her son, Ralph Langley. Two years later, Mrs. Langley decided to transfer all of her real property to Cecelia and Ralph by quitclaim deed, apparently with the understanding that she would continue to control the property through them. Over time, Mrs. Langley became dissatisfied with the way Ralph and Cecelia were handling her property and demanded that all of the property be transferred back. In January 1983, Ralph and Cecelia executed a deed effecting the transfer of property back to Mrs. Langley. In June, 1983, Mrs. Langley executed a new will leaving Ralph her entire estate except for $100 given to Cecelia. The will clearly states that at the time she executed the will Mrs. Langley was fully aware of the unequal distribution of property between Ralph and Cecelia and that she did this intentionally.

Ralph filed an application for informal probate of his mother's 1983 will and several days later, the will was admitted to probate by the register of probate on an informal basis. Cecelia contested the 1983 will by filing a petition for formal probate of Mrs. Langley's 1979 will. Cecelia contends that the 1983 will is the product of undue influence and, therefore, invalid. The Probate Court held a hearing on Cecelia's petition and ultimately denied it.

Cecelia filed an appeal to this court challenging the denial of her petition. First, she contends that the Probate Court's finding that the 1983 will is not the product of undue influence lacks the support of clear and convincing evidence. We disagree.

■ The proponent of a will bears the burden of establishing by a preponderance of the evidence that the will was duly executed. *Estate of Turf,* 435 A.2d 1087, 1089 (Me.1981); 18–A M.R.S.A. § 3–407 (1981). Once prima facie evidence of due execution is presented, the contestant bears the burden of proving that probate should not be ordered because of a "lack of testamentary intent or capacity, undue influence, fraud, duress, mistake or revocation." 18–A M.R.S.A. § 3–407 (1981). We have held that undue influence must be established by clear and convincing evidence. *Estate of Dodge,* 576 A.2d 755, 757 (Me.1990).

■ Undue influence in connection with the execution of a will means influence exerted at the time the will is made that amounts to moral coercion, destroys free agency or presents an opportunity that could not be resisted by the testator. *Estate of Bridges,* 565 A.2d 316, 317 (Me. 1989). Undue influence may be proven by circumstantial evidence. *Id.* An inference of undue influence is permitted where a confidential relationship exists between the testator and the one who is asserted to have influenced her and all of the testator's property is unexpectedly transferred in a will to only one of several equally related

persons. *Id.* Although proof of such circumstances permits the Probate Court to draw an inference, it does not raise a presumption of undue influence and more is required to establish that undue influence has occurred. *Id.* On appeal, the Probate Court's finding on the issue of undue influence will not be disturbed unless clearly erroneous. *Estate of Dodge,* 576 A.2d at 756.

 Cecelia contends that undue influence may be inferred from the relationship that existed between Ralph and Mrs. Langley at the time the 1983 will was executed and the fact that the will transfers all of Mrs. Langley's property to Ralph, leaving Cecelia with nothing but $100. Cecelia further contends that she presented clear and convincing evidence of undue influence by her testimony that Ralph intentionally used a series of family disputes to drive a wedge between Cecelia and Mrs. Langley and cause Mrs. Langley to blame Cecelia for the family's problems. The Probate Court considered all of Cecelia's evidence but concluded that she had not established undue influence. The court noted that, taken as a whole, the evidence produced at trial indicates that Cecelia's disinheritance cannot be attributed to influence by Ralph any more than it can be attributed to Cecelia's failure to reconcile with her mother during the five years of estrangement preceding Mrs. Langley's death. Our review of the record reveals no evidence that would compel a different conclusion. Cecelia has failed to present clear and convincing evidence of undue influence.

Cecelia also contends that the Probate Court committed reversible error by failing to consider testimony contained in two depositions.[1] We find that although the court did err in failing to consider the deposition testimony, the error was harmless. Our review of the deposition testimony indicates that it is highly probable that the error did not affect the judgment. *State v. True,* 438 A.2d 460, 467 (Me.1981).

The entry is:

Order affirmed.

All concurring.

---

1. The depositions at issue were taken several days prior to the hearing on Cecelia's petition but the transcripts were not available until after the court entered its order denying the petition.

The parties and the court had agreed, however, that the deposition testimony would be admitted as evidence.