**ESTATE OF Violet LEIGHTON.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1994.

Decided March 10, 1994.

Linda Conti (orally), Asst. Atty. Gen., Augusta, for appellant.

Nathan Dane (orally), Bangor, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

The State of Maine appeals from a judgment entered in the Penobscot County Probate Court (*Woodcock, J.*) authorizing Thomas Russell, as successor personal representative, to dispose of Violet Leighton's estate. The State argues that the Probate Court erred in finding that the power of appointment in Leighton's will survived the death of the executor named in the will. We agree and vacate the judgment.

Violet Leighton was born in 1888. She died in 1992 at 104 years of age. In 1922, when she was thirty-three years old, Leighton executed her last will and testament. She made four successive dispositions: to her parents (Article III); to William Warren, who was to hold the estate in trust for her uncle (Article IV); upon the uncle's death, to her friend, Bessie Baldwin; and in the event that Baldwin did not survive her, Leighton's will provided that her executor, "hereinafter named," could "make such disposition of [her] estate as he may deem wise" (Article V). In the last article of her will, Leighton appointed Warren as executor (Article VI). The will made no mention of a successor personal representative.[1] None of the persons named in the will survived Leighton.

In September 1992, Leighton's will was filed with the Probate Court. At the same time, a petition for formal probate of will and appointment of a personal representative was filed. The court found that Leighton had no living heirs and that her will was valid. It ordered John Ballou to succeed Warren as personal representative. After Ballou died, Thomas Russell was appointed personal representative. In January 1993, a petition for construction of the will was filed. The petition included affidavits from Leighton's distant relative (who renounced any interest in the estate), her caregivers, and several of her friends and acquaintances, all of whom attested to Leighton's oft-expressed wish that her estate be left to the All Souls Congregational Church in Bangor, to which she had given decades of devoted service.

In June 1993, the court entered judgment authorizing Russell, as personal representative, to make such disposition of Leighton's estate as he deemed wise. The court found that Leighton did not intend her estate to escheat to the State, stating that had Leighton wanted her estate to pass to the State, "it would have been easy enough for her to say so directly in her testament." It also concluded that the general power of appointment passed in turn to the successor personal representative.

The fundamental principle in construing a will is that the intention of the testator as expressed in her will controls the legal effect of her disposition. *Estate of Sweet*, 519 A.2d 1260, 1264 (Me.1987). Extrinsic evidence may be admitted to resolve any ambiguity in the will. *Estate of O'Connor*, 615 A.2d 1179, 1180 (Me.1992). Here the Probate Court implicitly found an ambiguity as to the scope of power of appointment and admitted extrinsic evidence to aid in its determination.

While there is a presumption that the testator does not intend that any part of her estate to pass by intestacy, the Probate Court must not make a new will for the testator under the guise of interpreting it. *Estate of Thompson*, 414 A.2d 881, 887–88 (Me.1980). Unlike the office of an executor or a trustee, a power of appointment, conferred upon a person by name, is ordinarily personal and can be exercised only by the donee. *Bratton v. Trust Co. of Georgia*, 191 Ga. 49, 11 S.E.2d 204, 208 (1940); *cf. Estate of Worthley*, 535 A.2d 433 (Me.1988) (Court divided on question whether the surviving two of three donees could exercise power of

---

1. "Personal representative," as used in 18–A M.R.S.A. § 1–201(30) (1981), includes "executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status."

appointment without discussion of the possibility of replacing deceased donee).

We interpret the phrase, "my executor hereinafter named" as a designation of Warren personally with the power to dispose of Leighton's estate as he "deemed wise." Leighton manifested confidence in him, as evidenced by his trusteeship of her estate for the benefit of her uncle, and that confidence cannot be replaced by a successor personal representative. Evidence of Leighton's later intention to leave her estate to the church is irrelevant to the Probate Court's determination. A will speaks at the time of its maker's death and then speaks only of its maker's intention at the time of its execution. *Robert W. Traip Academy v. Staples,* 317 A.2d 816, 819 (Me.1974). In doubtful cases, the testator's intention is ascertained in light of existing conditions which may be supposed to have been in testator's mind at the time. *Estate of Edwards,* 161 Me. 141, 149, 210 A.2d 17 (Me.1965). In this case, the only existing condition known to the court was Leighton's obvious trust and confidence in Warren, to whom she gave the personal power to dispose of her estate as he "deemed wise." Had she not intended Warren to exercise his judgment, and his alone, the phrase, "as he deems wise," in Article V would not have been included. *See* 62 Am. Jur.2d *Powers of Appointment* § 20 (1990) (if a will confers a power of sale, coupled with a discretion to sell or not as the donee sees fit, the power is personal and does not survive donee); *id.* § 60 ("A power of designation is such a special and personal right that it generally terminates on the donee's death, unless the creating instrument specifically provides for its exercise by his will."); 72 C.J.S. *Powers* § 11 (1987) ("If the donee of a power given by the will of another predeceases the testator, the power is a nullity."); *id.* § 22 ("A power may be exercised only by the person or persons authorized by the instrument creating the power.").

The Probate Court erred in concluding that the power of appointment made expressly personal to Warren in the will survived him. The power of appointment fails for lack of a donee. *See* 18–A M.R.S.A. § 3–716 (1981) (successor personal representative

may not exercise any power made personal to the executor named in a will).

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.