## ESTATE OF Bernice Dix BEATTY.

Supreme Judicial Court of Maine.

Argued Feb. 5, 1996.

Decided April 1, 1996.

Robert N. Walker, Frances Rice (orally), Yarmouth, for Appellant.

John S. Jenness, Jr. (orally), South Paris, for Estate.

Charles Harvey (orally), Harvey & Frank, Portland, for Intervenor Charities.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

CLIFFORD, Justice.

William D. Peterson, nephew and sole heir to the estate of the late Bernice Dix Beatty, appeals from the judgment entered in the Oxford County Probate Court (*Whiting, J.*) dismissing his petition for adjudication of intestacy and allowing probate of Beatty's will. Peterson contends that Beatty died intestate and that the court erred in holding that Beatty's act of marking the cover of her will "obsolete" and crossing out certain provisions within the document did not revoke the entire will. Discerning no error in the court's finding that Beatty lacked the intent necessary for revocation of her will, we affirm the judgment.

On November 4, 1987, Bernice Dix Beatty of Norway executed her last will and testament. Stapled to the will was a cover identifying the document and the attorneys who drafted it. In the spring of 1993, Beatty wrote on the cover: "This will obsolete as of April 24, 1993," and initialed the writing "B.D.B." Beatty also made several additional markings within the body of the will, striking certain bequests and amending others. During the period between May and September 1993, Beatty separately consulted with two attorneys regarding her desire to make additional changes in her will. Various correspondence, conversations, and drafts were exchanged between Beatty and her lawyers during that period, but a new will was not executed before Beatty died on September 24, 1993 at age ninety-eight.

Beatty's attorney filed her original 1987 will for probate in the Oxford County Probate Court. After Peterson, Beatty's sole heir, filed a petition for formal adjudication of intestacy, Beatty's attorney withdrew from representation of the estate, believing he eventually would be called as a witness in a hearing on the petition. He was succeeded by another attorney, who filed an amended petition for formal probate of Beatty's will, proffering various notes made by Beatty as a holographic alternative to the 1987 will. After it appeared that this attorney, too, eventually would need to testify, the court appointed a new attorney as representative of the estate, who advocated the position that Beatty died testate.

Following a hearing on the various petitions, the court, in its written order, determined that the 1987 will was valid, that certain provisions of the will had been revoked by Beatty, that other provisions had lapsed due to the death of certain named beneficiaries, and that notes made by Beatty for her lawyer did not constitute a valid holographic will. The 1987 will thus was allowed for probate as partially revoked. Peterson filed this appeal. No cross-appeal was filed by the estate. Following the court's decision, six Maine charities, residuary beneficiaries under the will, were granted intervenor status as parties.

 There is a presumption at law that a testatrix intended to die testate, and once *prima facie* evidence of due execution is presented, the will contestant bears the burden of proving that probate should not be ordered because of a "lack of testamentary intent or capacity, undue influence, fraud,

duress, mistake, or revocation." 18–A M.R.S.A. § 3–407 (1981); *Estate of Langley,* 586 A.2d 1270, 1271 (Me.1991). It is well settled that in construing a will, the fundamental principle is that the intention of the testatrix as expressed in her will controls the legal effect of her disposition. *Estate of Leighton,* 638 A.2d 723, 724 (Me.1994). The court's determination of the factual issue of the testatrix's intent will be upheld unless it is clearly erroneous. *Estate of Wilson,* 542 A.2d 838, 839 (Me.1988).

■ The issue before us is whether Beatty fully revoked her 1987 will by writing on its cover.[1] 18–A M.R.S.A. § 2–507(2) (1981) provides that a will may be revoked "[b]y being burned, torn, canceled, obliterated, or destroyed, *with the intent and for the purpose of revoking it by the testator* or by another person in his presence and by his direction." (Emphasis added.) The Probate Court determined that (1) Beatty's act of writing on the will's cover did not constitute a sufficient cancellation or obliteration,[2] and (2) Beatty did not have the requisite intent for revoking the entire will.

Contrary to Peterson's contention, the court's conclusion that Beatty had no intent to fully revoke her will is not clearly erroneous. It is not at all clear that Beatty's use of the term "obsolete" could only have meant that she intended to revoke her entire will. As the Probate Court noted in its order, Beatty just as easily could have intended that the will was becoming "out of date" in light of the deaths of previously named beneficiaries, and that changes to the document needed to be made. The revocation of a will is a solemn occasion, and the law requires, in addition to a physical act, an intent to revoke it to overcome the presumption of testacy. The court was not compelled to find that Beatty intended to revoke the entire will. Accordingly, Peterson has failed to overcome the presumption that his aunt died testate.

1. We reject as being without merit Peterson's additional contention that the court erroneously relied on evidence other than Beatty's original will in ascertaining her true intent, including four subsequent drafts made by two attorneys, several pages of handwritten notes, and testimony of Beatty's attorneys and staff regarding their attempts to aid her in preparing a new will.

*Estate of Thompson,* 414 A.2d 881, 887–88 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.

2. Because we uphold the court's determination that Beatty did not intend to revoke her entire will, we do not address the court's legal conclusion that Beatty's writing on the will cover was insufficient to cancel or obliterate and thus revoke her will within the meaning of 18–A M.R.S.A. § 2–507(2) (1981).